Willie Lee PARKER v. STATE of Arkansas

CR 78-175                                      577 S.W. 2d 414

Opinion delivered February 26, 1979
(In Banc)

*Robert C. Compton,* of *Brown, Compton & Prewett,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Willie Lee Parker, aged 59, was charged with second degree murder in the fatal shooting of Bubba McRae. The jury found Parker guilty of manslaughter, but were unable to agree upon the punishment. The trial judge, after considering a probation officer's report, fixed the punishment at ten years, with five years suspended. Defense counsel now argues that the court erred in directing the probation officer to interview members of the jury, that the sentence is excessive, and that we should suspend the entire sentence. A new trial is not sought.

The circuit judge, in imposing sentence, stated candidly that he had requested his probation officer to interview members of the jury about what they thought to be a proper sentence. The officer reported, in brief, that most of the jury favored a maximum of ten years, but at least two held out for a lighter sentence. The judge explained that he had considered the jurors' views in fixing the sentence.

We are unanimously of the opinion that the jurors should not have been questioned about their views, especially

after they had separated, had returned to their homes, and had been subjected to the possibility of being influenced by out-of-court occurrences. A chief objection to the procedure is that the secrecy and freedom of the jury's deliberations would be jeopardized if the jurors knew in advance that they might be questioned about their reasons for their decision. There would also be the possibility, if the practice were approved, that counsel on both sides might think it proper and advisable for them to see the individual jurors in an effort to win a favorable recommendation. Whatever slight advantage the practice may have is greatly outweighed by its disadvantages. We should add that we did not intend to approve such a practice by our opinion in *Murrah v. State,* 253 Ark. 432, 486 S.W. 2d 897 (1972). There the jurors themselves had raised the question whether the two sentences should be consecutive or concurrent, and there was no objection when the judge announced that he had questioned some of the jurors about their intent. If the *Murrah* case raises any doubt about our position, we make it plain now that jurors should not be questioned about their reasons for their verdict.

The appellant argues that this court should suspend the entire sentence, because he suffers from diabetes, heart trouble, an ocular tic, and tension, and has lost a leg below the knee. It is also argued that all the applicable considerations for a suspension, as enumerated in Ark. Stat. Ann. § 41-1201 (Repl. 1977), are favorable to this appellant. The propriety of suspending the execution of a sentence rests in the sound discretion of the trial court, not in this court. Commentary to § 41-1201, *supra; Smith v. State,* 241 Ark. 958, 411 S.W. 2d 510 (1967). The cause will therefore be remanded to the trial court for the imposition of an appropriate sentence without regard to the opinions of the jurors.

The appellant's opening statement in his brief makes it appropriate for us again to call the bar's attention to our Rule 9 (b), which requires that the opening statement be concise, ordinarily not exceeding two pages in length, and be free from argument. Here the opening statement is seven pages long, contains matters that should have been included only in the abstract of the record, and is in effect an argument for a suspended sentence. Even though no penalty is imposed for a

violation of the rule, compliance is expected.

Reversed.