Sonia YOUNG *v.* STATE of Arkansas

CR 85-51                                          692 S.W.2d 752

Supreme Court of Arkansas
Opinion delivered July 8, 1985

414

*John Wesley Hall, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant, Sonia Young, was charged and convicted of indecent exposure under Ark. Stat. Ann. § 41-1812 (Repl. 1977), for nude dancing in a local nightclub. Appellant challenges the conviction on essentially two grounds: first, that her behavior did not constitute an offense under the statute and second, that her conduct was protected under the First Amendment. We find no merit in either contention.

■ Ark. Stat. Ann. § 41-1812 provides:

Indecent exposure. (1) A person commits indecent exposure if, with purpose to arouse or gratify the sexual desire of himself or of any other person, he exposes his sex organs:

(a) a public place or public view; or

(b) under circumstances in which he knows his conduct is likely to cause affront or alarm.

(2) Indecent exposure is a class A misdemeanor.

■ Appellant raises four points in her argument that her behavior did not constitute an offense under the statute. She contends first that the purpose of the statute is to criminalize the conduct of "flashers" and not nude dancers. The Commentary to the statute, however, makes it quite clear that appellant's dancing was indeed intended to be covered by the statute:

"If an exhibition covered by subsection (b) occurs in a public place or in public view, then the actor also falls within subsection (a). However, subsection (a) is primarily

directed at the professional exhibitionist before a willing audience whose reaction to the exposure of sex organs is likely to be quite the opposite of affront or alarm."

■ Appellant next argues her performance did not occur in a public place or public view. Ark. Stat. Ann. § 41-1801(6) defines public place as one publicly or privately owned "to which the public or substantial numbers of people have access." The Commentary notes:

"Public place" is defined broadly to include any locality to which substantial numbers of people have access . . . As expressly stated in the definition, whether the property is publicly or privately owned is not a determinative factor. Hence a bar or even a private club can be a "public place" if open to substantial numbers of people. Implicit in the definition of public place is that it must be accessible to substantial numbers of people at any one time. A place that is licensed to the general public, but is available to only a few members of the public at any one time, as for example a motel or hotel room, is not a "public place."

■ The establishment in this case was a public tavern, not a private club, and at the time of the arrest was serving thirty to forty patrons. Appellant does not deny the bar was a public place but asks us to narrow the definition to exclude establishments that limit their fare only to consenting adults and forewarned viewers. This proposition is contrary to the stated intent of the statute and one more appropriately addressed to the legislature than to the courts.

■ Appellant claims her actions did not involve the exposure of her sexual organs. She concedes her pubic area was exposed, but her sex organs "scrupulously were not." There is no testimony to support that contention however and the arresting officer testified that people were sitting below the stage and from that position anyone could see the vaginal area or labia.

■■ As her last point in this argument, appellant insists there was no proof she was dancing to arouse or gratify the sexual desires of herself or others. We have said one's intent or purpose ordinarily cannot be shown by direct evidence but must be inferred from the facts and circumstances shown in evidence.

*Owens* v. *State*, 283 Ark. 327, 675 S.W.2d 384 (1984); *Johnson & Carrol* v. *State*, 276 Ark. 56, 632 S.W.2d 516 (1982). Here there was a sign outside the building advertising nude dancing with the silhouette of a dancing woman painted on the building. Inside there was a stage where appellant performed. The arresting officer testified appellant removed a brief outfit and while dancing ran her hand over her breast, down over her stomach and rubbed herself on the inner thigh below the vaginal area. As mentioned earlier, there were thirty to forty patrons in the tavern at the time. From the circumstances in their entirety it is a fair inference that appellant's purpose was to arouse or gratify the sexual desires of others.

Appellant's remaining constitutional arguments are premised on the argument that her behavior was "mere nude dancing" and entitled to First Amendment protection under the Constitution of the United States. We do not take issue with that contention, except to note that the statute and activity in this case do not deal merely with nudity or nude dancing, but with something more as proscribed by the statute. Appellant makes no argument that the proscribed activity under the statute is entitled to First Amendment protection, only that mere nude dancing is entitled to such protection. As we have said, appellant's conduct in this case was not simply nudity, but conduct that came within the proscriptions of Ark. Stat. Ann. § 41-1812. As we hold appellant's conduct not to be mere nudity, and since appellant does not argue the proscribed activity under the statute is constitutionally protected, there is no need to address the remaining aspects of the arguments.

The court suspended imposition of appellant's sentence for one year on condition that she "not display herself in a public place for commercial exploitation or sales promotion" nor "display herself nude in bars or beer joints." Appellant challenges this condition as a prior restraint in violation of the First Amendment.

■ Ark. Stat. Ann. § 41-1203, conditions of suspension or probation, states in part that the court "shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life." The statute lists some of the possible conditions the court may attach, including that a defendant be required to "refrain from frequenting unlawful or designated

places or consorting with designated persons," and "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty . . ."

■ The broad objectives sought by probation are education and rehabilitation, and the conditions of probation and suspension should promote those objectives. It is generally held that conditions for probation will be upheld if they bear a reasonable relationship to the crime committed or to future criminality. 21 Am. Jur. 2d § 570. Additionally, a condition of a probation or suspension is not necessarily invalid simply because it restricts a probationer's ability to exercise constitutionally protected rights. Id; *U.S.* v. *Tonry*, 605 F.2d 144 (5th Cir. 1979); *Owens* v. *Kelley*, 681 F.2d 1362 (11th Cir. 1982); *U.S.* v. *Pierce*, 561 F.2d 735, cert. den., 1978, 435 U.S. 923 (9th Cir. 1977).

In this case, the activity prohibited by the conditions imposed might well involve some protected forms of expression. See, *Schad* v. *Borough of Mount Ephraim*, 452 U.S. 67 (1981); *Wild Cinemas of Little Rock, Inc.* v. *Bentley*, 499 F. Supp. 655 (1980). Yet our greater concern with this condition is that it may be vague and overbroad. See, *In Re Mannino*, 14 Cal. App.3d 952, 92 Cal. Rptr. 880 (1971); *Tonry, supra.* It includes areas of First Amendment protection and other activities as well, that may have no relationship to appellant's crime, rehabilitation or future criminality. And while a condition of probation or suspension may affect the exercise of a constitutional right within certain limits, those limits include a requirement that it bear a reasonable relationship to the crime and to future criminality.

■ *U.S.* v. *Tonry, supra,* adopts a test developed by the Ninth Circuit to determine whether a probation condition is unduly intrusive on constitutional rights:

> The conditions must be "reasonably related to the purposes of the act." Consideration of three factors is required to determine whether a reasonable relationship exists: (1) the purposes to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement.

■ Insofar as the condition imposed here includes prohi-

bition from a nude display for "commercial exploitation or sales promotion," we find the order too broad, vague and insufficiently tailored to bear a reasonable relationship to probation/suspension objectives of rehabilitation and future criminality. That part of the order that prohibits appellant from appearing nude in bars or beer joints is valid. Granted, the condition may involve some infringement on the exercise of appellant's First Amendment rights, as would be determined by the form of expression appellant's dancing might take, but it nevertheless is reasonably related to the offense and to rehabilitation. As to the other guidelines stated in *Tonry*, we find the limitation on appellant neither harsh nor unduly restrictive, and the purposes of enforcement of the law appellant violated are served. The condition of probation, to the extent necessary to bring it into compliance with this opinion, is modified and the judgment is affirmed.

Affirmed.

DUDLEY, J., not participating.