No. 85–391. YOUNG *v.* ARKANSAS. Sup. Ct. Ark. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

Arkansas Stat. Ann. § 41–1812 (1977) provides, in pertinent part, that "[a] person commits indecent exposure if, with purpose to arouse or gratify the sexual desire of himself or of any other person, he exposes his sex organs . . . in a public place or public view . . . ." * Petitioner was a nude dancer at D.L.'s Darkroom, a tavern in Little Rock, Arkansas. Along with nearly every other nude dancer in the metropolitan area, petitioner was arrested in one of two "sweep" operations conducted in February 1984. At a bench trial, an undercover police officer testified that once during her dance, petitioner touched her breasts, and then touched the inside of her thighs. At no time did petitioner expose her vaginal area or touch her genitals. The Municipal Court convicted petitioner for indecent exposure under § 41–1812, fined her $700, and gave her a 30-day suspended sentence.

---

*Arkansas Stat. Ann. § 41–1812 (1977) provides in full as follows:

"Indecent exposure. (1) A person commits indecent exposure if, with purpose to arouse or gratify the sexual desire of himself or of any other person, he exposes his sex organs:

"(a) in a public place or public view; or

"(b) under circumstances in which he knows his conduct is likely to cause affront or alarm.

"(2) Indecent exposure is a class A misdemeanor."

The Pulaski County Circuit Court conducted a trial *de novo* on appeal. The court held that mere nude dancing violated the statute, and rejected petitioner's First Amendment defense on the grounds that her nude dancing had no articulated message. Pet. for Cert. 13–14. The court affirmed petitioner's conviction, and imposed a 1-year suspended sentence on the condition that she not "display herself in a public place . . . ." App. to Pet. for Cert. 8–a.

The Arkansas Supreme Court affirmed, both on the ground that petitioner's conduct violated the statute and because such behavior was not protected by the First Amendment. 286 Ark. 413, 692 S. W. 2d 752 (1985). With respect to the statutory argument, the court noted that § 41–1812 was intended to cover both nude dancing and "'flashers.'" *Id.*, at 415, 692 S. W. 2d, at 753. Turning to petitioner's constitutional argument, the court "d[id] not take issue" with petitioner's contention that "'mere nude dancing'" is entitled to First Amendment protection, but found under the facts of this case that petitioner's conduct "was not simply nudity . . . ." *Id.*, at 417, 692 S. W. 2d, at 754. Instead, "while dancing [petitioner] ran her hand over her breast, down over her stomach and rubbed herself on the inner thigh below the vaginal area." *Ibid.* Because petitioner did not argue that such conduct is constitutionally protected, the court did not address the remaining aspects of her constitutional argument. *Ibid.*

Petitioner maintains that, as applied to mere nude dancing, § 41–1812 is overbroad and substantially abridges First Amendment rights. Regardless of whether and how petitioner might have touched herself during her performance, she has standing to raise this overbreadth challenge. See *Secretary of State of Maryland* v. *Joseph H. Munson Co.*, 467 U. S. 947, 958–959 (1984); *Schaumburg* v. *Citizens for a Better Environment*, 444 U. S. 620, 633–635 (1980); *Broadrick* v. *Oklahoma*, 413 U. S. 601, 611–612 (1973).

In *New York State Liquor Authority* v. *Bellanca*, 452 U. S. 714 (1981) and *California* v. *LaRue*, 409 U. S. 109 (1972), the Court held that States may regulate nude dancing in establishments licensed to serve liquor by virtue of the power conferred under the Twenty-first Amendment. In both cases, however, the Court intimated that statutes which seek to regulate nude dancing in public places other than bars and taverns might contravene the dictates of the First Amendment, as this form of entertainment

might be entitled to constitutional protection. *New York State Liquor Authority* v. *Bellanca, supra,* at 718; *California* v. *LaRue, supra,* at 118. Indeed, in *Schad* v. *Mount Ephraim,* 452 U. S. 61, 66 (1981), the Court expressly stated that "nude dancing is not without its First Amendment protections from official regulation." See also *Doran* v. *Salem Inn, Inc.,* 422 U. S. 922, 933–934 (1975); *Southeastern Promotions, Ltd.* v. *Conrad,* 420 U. S. 546, 557–558 (1975).

Given these repeated indications that barroom-type nude dancing is a type of expression that is protected under the First Amendment under some circumstances, the Court should grant the petition for certiorari in this case in order to explore the propriety of Arkansas' regulation. Section 41–1812 does not prohibit nudity only in establishments possessing liquor licenses. Instead, it criminalizes nonobscene nudity in any public place so long as its purpose is to gratify the sexual desires of another person. Arkansas thus cannot rely on the Twenty-first Amendment as a sufficient basis to justify its statute, and instead, must demonstrate a compelling state interest sufficient to prohibit the exercise of a protected form of expression. See *Doran* v. *Salem Inn, Inc., supra,* at 933–934; *United States* v. *O'Brien,* 391 U. S. 367, 377 (1968).

In his dissent in *New York State Liquor Authority* v. *Bellanca, supra,* JUSTICE STEVENS noted that "[a]lthough the Court has written several opinions implying that nude or partially nude dancing is a form of expressive activity protected by the First Amendment, the Court has never directly confronted the question." *Id.,* at 718–719. I believe it is time to do so. The state courts are in disagreement over the reach of the First Amendment in this area. See generally Barbre, Topless or Bottomless Dancing or Similar Conduct as Offense, 49 A.L.R. 3d 1084, §§ 3, 5 (1973 and Supp. 1985) (collecting cases). In addition, this case does not present the complications of local police power over zoning, as found in *Schad* v. *Mount Ephraim, supra,* or the question of States' rights under the Twenty-first Amendment present in *California* v. *LaRue, supra, Doran* v. *Salem Inn, Inc., supra,* and *New York State Liquor Authority* v. *Bellanca, supra.*

For these reasons, I would grant the petition for certiorari.