GLEN THEATRE, INC., an Indiana
Corp.; Gayle Ann Marie Sutro
and Carla Johnson, Plaintiffs-Appellees,

v.

Linley E. PEARSON, Attorney General
of Indiana, and Michael P. Barnes,
Defendants-Appellants.

No. 85–3029.

United States Court of Appeals,
Seventh Circuit.

Argued April 18, 1986.

Decided Sept. 30, 1986.

William E. Daily, Asst. Atty. Gen., Indianapolis, Ind., for defendants-appellants.

Charles A. Asher, Lysohir, Singer & Asher, South Bend, Ind., for plaintiffs-appellees.

Before CUMMINGS, Chief Judge, EASTERBROOK, Circuit Judge, and NOLAND, Chief District Judge.*

CUMMINGS, Chief Judge.

This appeal calls into question the validity of Indiana's public nudity statute, Indiana Code § 35–45–4–1. The plaintiffs protest that the breadth of the statute chills their First Amendment right of free speech. The district court agreed and permanently enjoined defendants from enforcing the statute. Because the Indiana Supreme Court has interpreted the statute to protect First Amendment expression, we reverse and remand.

Statement of the Case and Facts

Plaintiffs filed suit seeking to enjoin the State of Indiana from enforcing its public indecency law [1] against them for nude en-

---

* The Honorable James E. Noland, Chief District Judge for the Southern District of Indiana, is sitting by designation.

1. Ind.Code § 35–45–4–1 provides:

(a) A person who knowingly or intentionally, in a public place:
(1) Engages in sexual intercourse;
(2) Engages in deviate sexual conduct;
(3) Appears in a state of nudity; or

tertainment. The plaintiffs include Glen Theatre, a business that wants to provide nude entertainment to its customers, and two performers, Gayle Ann Marie Sutro and Carla Johnson. On July 26, 1985, after finding the statute facially unconstitutional for over-breadth, the district court entered a preliminary injunction prohibiting the defendants from arresting and prosecuting the plaintiffs under Indiana Code § 35–45–4–1(a)(3). On October 10, 1985, the district court entered a permanent injunction. The defendants appeal from the district court's order. We have jurisdiction under 28 U.S.C. § 1292(a).

Plaintiff Glen Theatre is an Indiana corporation that owns an adult entertainment business called the Chippewa Bookstore. The Bookstore provides adult books and magazines, movie showings, and live entertainment. The live entertainment consists of nude and semi-nude performances through glass panels. By inserting coins into a timing mechanism the customers are permitted to observe the nude dancers. No alcoholic beverages are sold, consumed, or allowed on the Bookstore premises. Approximately eleven individuals have been arrested at the Bookstore for violations of Indiana Code § 35–45–4–1(a)(3) (appearing in a state of nudity). Plaintiffs Gayle Ann Marie Sutro and Carla Johnson are both performers scheduled to dance nude at the Bookstore. These performances have been discontinued for fear of prosecution.

Defendants raise only one argument on appeal. They claim that the district court erred in ruling that Indiana's public indecency statute is constitutionally infirm as over-broad. Defendants argue that the Indiana Supreme Court adequately narrowed the statute through judicial construction. We agree with defendants and therefore reverse the permanent injunction order and remand for consideration whether the First Amendment permits plaintiffs' activities.

(4) Fondles the genitals of himself or another person; commits public indecency, a class A misdemeanor.

(b) "Nudity" means the showing of the human male or female genitals, pubic area, or

**Discussion**

Our analysis begins with *State v. Baysinger*, 397 N.E.2d 580 (Ind.1979), appeals dismissed *sub nom. Clark v. State*, 446 U.S. 931, 100 S.Ct. 2146, 64 L.Ed.2d 783 and *Dove v. State*, 449 U.S. 806, 101 S.Ct. 52, 66 L.Ed.2d 10, which upheld the constitutionality of Indiana Code § 35–45–4–1. Defendants first claim that the summary dismissals by the Supreme Court are binding precedent. Plaintiffs counter that the later Supreme Court decision of *Schad v. Mt. Ephraim*, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671, reflects a subsequent change in the law under which we should review the *Baysinger* decision.

In *Hicks v. Miranda*, 422 U.S. 332, 343–345, 95 S.Ct. 2281, 2288–2290, 45 L.Ed.2d 223, the Supreme Court held that a dismissal "for want of a substantial federal question" is a decision on the merits. Lower courts are bound until subsequent Supreme Court decisions indicate otherwise. *Id.; Muench v. Israel*, 715 F.2d 1124, 1139 (7th Cir.1983). Although it is clear that lower courts are bound by summary actions on the merits, "[a]scertaining the reach and content of summary actions may itself present issues of real substance." *Mandel v. Bradley*, 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (quoting *Hicks*, 422 U.S. at 345 n. 14, 95 S.Ct. at 2290 n. 14).

A dismissal for want of a substantial federal question is an affirmance of the judgment only, not the rationale of the opinion below. *Mandel*, 432 U.S. at 176, 97 S.Ct. at 2238. Such a summary dismissal rejects only the specific challenges presented in the statement of jurisdiction filed with the Supreme Court. Thus lower courts are prevented from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions. *Id.* If the facts, issues, or law is different, then there is reason not to follow the summary action. *Id.* at 180, 97 S.Ct. at 2242 ("In other words, after today, 'appro-

buttocks with less than fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple, or the showing of covered male genitals in a discernibly turgid state.

priate, but not necessarily conclusive, weight' is to be given this court's summary dispositions."). Thus if the jurisdictional statements in the *Baysinger* appeals raise the issue of overbreadth and it was necessarily decided, we must follow the Supreme Court's affirmance.

The *Baysinger* decision comprised three consolidated appeals from Indiana trial courts overturning the public nudity statute. The Indiana Supreme Court reached two issues in its opinion: (1) whether the term "public place" was vague and (2) whether the statute was overbroad. Because the case before us does not raise the vagueness argument, we need discuss only the overbreadth issue.

The *Baysinger* court held that nudity must be allowed when it is part of some larger form of expression that merits First Amendment protection. 397 N.E.2d at 587. So construed, it held that the statute was constitutional. The court went on to reject the argument that nude dancing is protected by the First Amendment, reasoning that the activity was simply conduct. *Id.*

Two of the consolidated cases were appealed separately to the Supreme Court of the United States. Both cases were summarily dismissed for want of a substantial federal question. *Clark v. State,* 446 U.S. 931, 100 S.Ct. 2146, 64 L.Ed.2d 783, and *Dove v. State,* 449 U.S. 806, 101 S.Ct. 52, 66 L.Ed.2d 10. The jurisdictional statements in each case are as follows:

*Clark v. State*

1. Is that portion of the Indiana Code, Section 35–45–4–1, specifically (a)(3), which prohibits a female from appearing nude "in a public place" in conflict with the free speech clause of the First Amendment to the Constitution of the United States as applied to the States by the Fourteenth Amendment for the reason that the statute is overbroad on its face?

2. Does the Appellant Sue Clark have the necessary standing to raise an overbreadth challenge to the constitutionality of Indiana Code 35–45–4–1(a)(3)?

*Dove v. State*

1. Is *Indiana Code,* Section 35–45–4–1(a)(3), which prohibits a female from appearing nude "in a public place" in conflict with the First Amendment to the Constitution of the United States as applied to the States by the Fourteenth Amendment for the reason that the statute is overbroad on its face?

2. Is *Indiana Code,* Section 35–45–4–1(a)(3) & (b) in conflict with the First and Fourteenth Amendments of the Constitution of the United States in that said statute is vague?

3. Do the Appellants have the necessary standing to raise an overbreadth challenge to the constitutionality of *Indiana Code* 35–45–4–1(a)(3) and (b)?

Both statements of jurisdiction raise the issue of overbreadth. Thus the Supreme Court's summary dismissal is a ruling that the Indiana statute, as interpreted in *Baysinger,* is constitutional in the face of an overbreadth attack.[2] And as construed by the Indiana Supreme Court the statute prohibits all nudity in public places unless coupled with other expressive activity protected by the First Amendment.

But plaintiffs argue that *Schad v. Mt. Ephraim,* 452 U.S. 61, 101 S.Ct. 2176, 68

---

**2.** It is not always an easy task to figure out exactly what issues were declared by the Supreme Court to be without substance. However, by examining the law as it existed in 1980, we conclude that the overbreadth issue was necessarily decided by the Supreme Court despite additional standing arguments in the motions to dismiss. The Indiana Supreme Court in *Baysinger* questioned the defendants' standing to argue the First Amendment issue because they made money for dancing or appearing nude. 397 N.E.2d at 587. Countless First Amendment cases have involved persons who engaged in activities for monetary gain. See *Ginzburg v.* *United States,* 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31. In fact, most cases relating to the showing of films or live entertainment in the First Amendment context were brought by individuals seeking to make a profit. *E.g., Schad,* 452 U.S. 61, 101 S.Ct. at 2177; *Jenkins v. Georgia,* 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642; *Brockett v. Spokane Arcades,* 472 U.S. 491, 105 S.Ct. 2794; *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648. By deductive reasoning, we conclude that the Supreme Court must have decided that both the vagueness and overbreadth issues were without substance.

L.Ed.2d 671, decided after the *Baysinger* appeals were dismissed, has changed the applicable law. In *Schad* the Supreme Court invalidated a zoning ordinance that prohibited all live entertainment. The defendants in *Schad* operated an adult bookstore that offered to its customers the opportunity to view a live nude dancer and were convicted of violating the zoning ordinance. The Court held that the ordinance, by restricting all forms of live entertainment, was overbroad and violated the First and Fourteenth Amendments. *Id.* at 65–67, 101 S.Ct. at 2180–2182. In so holding, the Court noted that "[e]ntertainment as well as political and ideological speech is protected by the First Amendment." *Id.* at 65, 101 S.Ct. at 2180. The Court then discussed the implications of nudity in entertainment and stated: "Nor may an entertainment program be prohibited solely because it displays the nude human figure.... Furthermore, as the state courts in this case recognized, nude dancing is not without its First Amendment protections from official regulations." *Id.* at 66, 101 S.Ct. at 2181 (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648; *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 95 S.Ct. 1239, 43 L.Ed.2d 448; *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342).

▪ Although the *Schad* Court did not decide the extent and scope of protections to be afforded nude dancing, see *New York St. Liquor Authority v. Bellanca*, 452 U.S. 714, 719, 101 S.Ct. 2599, 69 L.Ed. 357 (Stevens, J., dissenting), it clearly held that the activity had roots in the First Amendment. 452 U.S. at 66, 101 S.Ct. at 2181. Therefore, the language of the opinion certainly calls into question the Indiana Supreme Court's holding in *Baysinger* that nude dancing was merely conduct and as such was not entitled to First Amendment protection. However, *Schad* does not disturb the *Baysinger* overbreadth holding. *Schad* is consistent with *Baysinger's* decision that nudity needs to be combined with some sort of expressive activity before it falls within First Amendment protection. "[N]udity alone does not place otherwise protected material outside the mantle of the First Amendment." 452 U.S. at 66, 101 S.Ct. at 2181 (quoting *Jenkins v. Georgia*, 418 U.S. 153, 161, 94 S.Ct. at 2755, 41 L.Ed.2d 642). Because *Schad* leaves *Baysinger's* "nudity plus" formulation intact, its overbreadth holding as affirmed by the Supreme Court is still binding precedent. Thus under *Hicks* we are compelled to reverse the district court's departure from Supreme Court authority.

Plaintiffs raised an additional claim in district court *viz*: the application of the statute to prevent this type of nude entertainment is unconstitutional. The district court did not rule on plaintiffs' claim that Indiana's public indecency statute is unconstitutional in its application. Memorandum Opinion at 14 n. 2. Neither of the jurisdictional statements in the *Baysinger* appeals to the Supreme Court of the United States raised an issue of the application of the otherwise valid statute to nude dancing. Plaintiffs are free to pursue their argument in district court that the nude dancing they wish to perform is expressive activity protected by the First Amendment and outside the reach of the public nudity statute as construed by *Baysinger*. Whether and to what extent the particular dancing activity of the plaintiffs is protected is still an open question. *Bellanca*, 452 U.S. at 719, 101 S.Ct. at 2602 (Stevens, J., dissenting); *Krueger v. Pensacola*, 759 F.2d 851, 854 n. 4 (11th Cir.1985). Several circuits have begun to reach issues involving statutes that restrict nude and semi-nude "bar-room" dancing and other forms of nude entertainment.

For example, the Eleventh Circuit recently addressed the constitutionality of an ordinance limiting nude dancing. *International Food & Beverage Systems v. Fort Lauderdale*, 794 F.2d 1520, (1986). Citing *Schad*, the court stated, "[w]e may take it for granted that nude dancing is constitutionally protected expression, at least if performed indoors before pay customers and not ... before casual viewers." At 1525. Earlier in *Krueger v. Pensacola*, 759 F.2d 851, 854 (1985), the Eleventh Circuit had recognized that topless dancing was a form of expression protected by the First Amendment. The *Krueger* court not-

ed that the Supreme Court has consistently evaluated any potential artistic or communicative activity (including topless dancing) under First Amendment standards. *Id.* at 854 & n.4 (citing *Schad,* 422 U.S. at 66, 101 S.Ct. at 2181; *Southeastern Promotions,* 420 U.S. at 557–558, 95 S.Ct. at 1245–1246), see also *KEV, Inc. v. Kitsap County,* 793 F.2d 1053 (9th Cir.1986) (allowing extensive time, place, and manner regulation of topless entertainment); *Avalon Cinema Corp. v. Thompson,* 658 F.2d 555 (8th Cir. 1981); *Williams v. Kleppe,* 539 F.2d 803 (1st Cir.1976); *Chapin v. Southampton,* 457 F.Supp. 1170, 1174 (E.D.N.Y.1978). The district court should examine the plaintiffs' proffered evidence of the dancing they wish to perform and decide, whether if considered as a whole, the activity should be afforded First Amendment protection. See *Erznoznik v. Jacksonville,* 422 U.S. 205, 211 n.7, 95 S.Ct. 2268, 2273 n.7, 45 L.Ed.2d 125, *Schad,* 452 U.S. at 66, 101 S.Ct. at 2182.

Conclusion

For these reasons we reverse the permanent injunction and remand the case for further proceedings not inconsistent with this opinion.