Darlene MILLER and Jr's Kitty Kat Lounge, Inc., an Indiana Corporation; and Glen Theatre, Inc., an Indiana Corporation, Gayle Sutro, and Carla Johnson, Plaintiffs–Appellants,

v.

CIVIL CITY OF SOUTH BEND; Indiana Alcoholic Beverage Commission; Charley Hurley, Chief of Police of the South Bend Police Department; Michael P. Barnes, Prosecutor of the County of St. Joseph, Indiana; and Linley Pearson, Attorney General of the State of Indiana, Defendants–Appellees.

Nos. 88–3006 & 88–3244.

United States Court of Appeals, Seventh Circuit.

Argued May 25, 1989.

Decided Oct. 19, 1989.

Rehearing En Banc Granted Jan. 8, 1990.*

827

Charles A. Asher, South Bend, Ind., Lee J. Klein, Durand, Mich., for plaintiffs-appellants.

William E. Daily, Wayne E. Uhl, Asst. Attys. Gen. of Ind., Indianapolis, Ind., Arthur T. Perry, Deputy Atty. Gen., Office of the Atty. Gen., Indianapolis, for defendants-appellees.

Before WOOD, Jr., COFFEY, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

These consolidated appeals present the narrow issue of whether non-obscene nude dancing, performed before an audience as entertainment, is expressive activi-

ty and therefore entitled to protection, albeit limited protection, under the first amendment. For the reasons stated herein, we hold that it is.

I.

This matter is before us for the second time and has a somewhat complicated history, both procedurally and substantively. The facts of the cases are presented in detail in the district court's opinion on remand, *Glen Theatre v. Civil City of South Bend*, 695 F.Supp. 414 (N.D.Ind.1988), and in our opinion remanding the *Glen Theatre* matter, *Glen Theatre v. Pearson*, 802 F.2d 287 (7th Cir.1987). Therefore, we will present a very abbreviated description of the parties and the underlying facts and devote our energy to explaining the pertinent substantive and procedural background.

In 1985, Appellants Glen Theatre, Gayle Sutro, and Carla Johnson filed an action in district court to enjoin the State of Indiana from enforcing its public indecency law against them for presenting nude and semi-nude dancing at an adult entertainment establishment. Sutro and Johnson are dancers at such an establishment owned by Glen Theatre. The statute, on its face, provides for a total ban on nudity in public places.[1] The district court granted the injunction, finding that the statute was facially overbroad.

On the first appeal to this court, we examined the Indiana Supreme Court's decision in *State v. Baysinger*, 272 Ind. 236, 397 N.E.2d 580 (1979), *appeals dismissed sub nom. Clark v. State*, 446 U.S. 931, 100 S.Ct. 2146, 64 L.Ed.2d 783 (1979), and *Dove v. State*, 449 U.S. 806, 101 S.Ct. 52, 66 L.Ed.2d 10 (1980), in which the court had upheld the statute against an overbreadth

1. I.C. 35-45-4-1 reads as follows:
   *I.C. 35-45-4-1. Public indecency.*
   (a) A person who knowingly or intentionally, in a public place:
   (1) Engages in sexual intercourse;
   (2) Engages in deviate sexual conduct;
   (3) Appears in a state of nudity; or
   (4) Fondles the genitals of himself or another person; commits public indecency, a class A misdemeanor.

   (b) "Nudity" means the showing of the human male or female genitals, pubic areas, or buttocks with less than fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple, or the showing of covered male genitals in a discernibly turgid state.

attack. Essentially, the *Baysinger* court held that Indiana's public indecency statute could be applied to mere conduct but could not be constitutionally applied to expressive activity. Construing the statute to prohibit only non-expressive nudity, the Indiana Supreme Court held that the statute was not overbroad. The court went on, however, to hold that nude dancing of the barroom or striptease variety was mere conduct and thus could be prohibited under the statute.

In reviewing the *Glen Theater* case, we determined that the United States Supreme Court's dismissal of the appeals from *Baysinger* for want of a substantial federal question was binding precedent on the overbreadth issue. We found, however, that the jurisdictional statement presented to the Supreme Court did not include the issue of application, *i.e., Baysinger's* holding that barroom/striptease dancing is not expressive activity, only mere conduct. We therefore reversed the district court's overbreadth ruling as controlled by *Baysinger,* and, because the district court had not addressed the question of application, remanded the case for a determination of whether the statute could be constitutionally applied to plaintiffs' activity.

In *Glen Theater* we discussed the relevant case law to assist the district court on remand. While we recognized that the Supreme Court has not directly confronted the issue and, therefore, has not explicitly held that nude dancing is expressive activity protected by the first amendment, we reviewed the Supreme Court's decision in *Schad v. Mt. Ephraim,*[2] 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981). "Although the *Schad* court did not decide the extent and scope of protections to be afforded nude dancing, it clearly held that

the activity had roots in the First Amendment. Therefore, the language of the opinion certainly calls into question the Indiana Supreme Court's holding in *Baysinger* that nude dancing was merely conduct and as such was not entitled to First Amendment protection." *Glen Theatre,* 802 F.2d at 290 (citations omitted). To place the overbreadth issue in context, we continued:

> However, *Schad* does not disturb the *Baysinger* overbreadth holding. *Schad* is consistent with *Baysinger's* decision that nudity needs to be combined with some sort of expressive activity before it falls within First Amendment protection. "[N]udity alone does not place otherwise protected material outside the mantle of the First Amendment."

*Id.* (citations omitted). *See New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 718–19, 101 S.Ct. 2599, 2601–02, 69 L.Ed.2d 357 (1981) (Stevens, J., dissenting); *Young v. Arkansas,* 474 U.S. 1070, 1071–72, 106 S.Ct. 830, 831–32, 88 L.Ed.2d 801 (1986), (White, J., dissenting from denial of certiorari) (recognizing the Court's "repeated indications that barroom-type nude dancing is a type of expression that is protected under the First Amendment" and urging an explicit holding to that effect); *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975) (stating that "[a]lthough customary 'barroom' type of nude dancing may involve only the barest minimum of protected expression, we recognized in *California v. LaRue,* 409 U.S. 109, 118, 93 S.Ct. 390, 397, 34 L.Ed.2d 342 (1972), that this form of entertainment might be entitled to First and Fourteenth Amendment protection under some circumstances.").

We further pointed out that several circuits have held that nude and semi-nude

---

**2.** In *Schad* the Supreme Court invalidated a zoning ordinance that prohibited all live entertainment. The defendants in *Schad* operated an adult bookstore that offered to its customers the opportunity to view a live nude dancer and were convicted of violating the zoning ordinance. The Court held that the ordinance, by restricting all forms of live entertainment, was overbroad and violated the first and fourteenth amendments. In so holding, the Court noted that "[e]ntertainment as well as political and

ideological speech is protected by the First Amendment." The Court then discussed the implications of nudity in entertainment and stated: "Nor may an entertainment program be prohibited solely because it displays the nude human figure.... Furthermore, as the state courts in this case recognized, nude dancing is not without its First Amendment protections from official regulations." *Glen Theatre,* 802 F.2d at 290 (citations omitted).

barroom dancing as well as other forms of nude entertainment are entitled to first amendment protection.

For example, the Eleventh Circuit ... citing *Schad* ... stated, '[w]e may take it for granted that nude dancing is constitutionally protected expression, at least if performed indoors before pay[ing] customers and not ... casual viewers.' *International Food & Beverage Systems v. Fort Lauderdale,* 794 F.2d 1520, 1525 (1986). Earlier in *Krueger v. Pensacola,* 759 F.2d 851, 854 (1985), the Eleventh Circuit had recognized that topless dancing was a form of expression protected by the First Amendment. The *Krueger* court noted that the Supreme Court has consistently evaluated any potential artistic or communicative activity (including topless dancing) under First Amendment standards. *Id.* at 854 & n. 4 ... see also *KEV, Inc. v. Kitsap County,* 793 F.2d 1053 (9th Cir.1986) (allowing extensive time, place, and manner regulation of topless entertainment); *Avalon Cinema Corp. v. Thompson,* 658 F.2d 555 (8th Cir.1981); *Williams v. Kleppe,* 539 F.2d 803 (1st Cir.1976); *Chapin v. Southampton,* 457 F.Supp. 1170, 1174 (E.D.N.Y.1978).

*Glen Theatre,* 802 F.2d at 290–91.

Having thus laid the groundwork for the district court, we remanded the case with instructions to "examine the plaintiffs' proffered evidence of the dancing they wish to perform and decide, whether if considered as a whole the activity should be afforded First Amendment protection." On remand, the district court consolidated the *Glen Theatre* matter with the *Miller* action and a third pending case. The latter two suits were brought by plaintiffs seeking to present nude and semi-nude dancing at their lounges. Darlene Miller is a dancer at the "Kitty Kat" lounge.

After reviewing a videotape of the plaintiffs' proposed dancing,[3] the district court, apparently taking our instruction to require a determination as to the degree of expression embodied in a particular dance routine, held that because "these strip tease dances are not performed in any theatrical or dramatic context," the dancing was not expressive activity and therefore was without first amendment protection. The plaintiffs in *Glen Theatre* and *Miller* appealed.

II.

When a court grapples with a delicate and emotionally charged issue, sometimes, unavoidably, an unintended ambiguity may find its way into an opinion. A careful reading of the opinion, however, ordinarily will clarify any question. In this case, although we might have been more precise in our instruction on remand and substituted the words "activity they wish to engage in" for "dancing they wish to perform," on the whole we believe our guidelines were misread. As we explained in *Glen Theatre,* the case law points to the conclusion that non-obscene nude dancing as entertainment is a form of expression entitled to limited first amendment protection. Given the posture of the case, however, we thought it appropriate that the district court make the initial determination of whether the State of Indiana was, in fact, seeking to enforce its statute to prohibit nude dancing as entertainment, and thus limit plaintiffs expression. We did not intend for the district court to make a qualitative judgment as to the aesthetic appeal or artistic merit of a particular dance routine.

█ We believe that the district court's construction of whether the statute's application violates the plaintiffs' free speech rights was clearly erroneous. It was established on remand (and conceded by the State at oral argument) that the plaintiffs wished to present non-obscene nude dancing of the barroom/striptease variety. As the Second Circuit has stated:

[W]hile the entertainment afforded by a nude ballet at Lincoln Center to those

---

3. The State briefly and half-heartedly argues that the videotape portrayed only the *Miller* plaintiffs' dancing and not the *Glen Theatre* plaintiffs' proposed dancing. At oral argument, however, the State conceded that all of the dances at issue are non-obscene striptease dance routines.

who can pay the price may differ vastly in content (as viewed by judges) or in quality (as viewed by critics), it may not differ in substance from the dance viewed by the person [at the local pub]. *Salem Inn, Inc. v. Frank*, 522 F.2d 1045 (2d Cir.1975) (quoting *Salem Inn, Inc. v. Frank*, 501 F.2d 18, 21 n. 3 (2d Cir.1974), *aff'd in part, Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975)).[4] In substance, nude-dancing is still expression. We recognized in *Glen Theatre* what the Supreme Court made clear in *Schad:* "'[n]udity alone' does not place otherwise protected material outside the mantle of the First Amendment." 452 U.S. at 66, 101 S.Ct. at 2181. Nor does the fact that a dance is sexual remove the mantle of protection. "Sexual expression which is indecent but not obscene is protected by the First Amendment." *Sable Communications of California, Inc. v. Federal Communications Commission*, — U.S. ——, 109 S.Ct. 2829, 2836, 106 L.Ed.2d 93 (1989). Therefore, nude-dancing as expression falls within the protection of the first amendment.

■■ Our reading of these precedents constrains us to conclude that the Supreme Court would not permit Indiana to apply its public nudity statute to the activity these plaintiffs wish to engage in. What we have in this case are plaintiffs who wish to present non-obscene nude dancing as expressive entertainment. As such, no matter how little artistic value may be found in such performances, it is entitled to limited protection under the first amendment. This is not to say, of course, that the State is powerless to regulate the presentation of nude dancing. On the contrary, the State has a great deal of power. A government may impose reasonable time, place, and manner restrictions on protected expression. *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 46–47, 106 S.Ct. 925, 928–29, 89 L.Ed.2d 29 (1986). Similarly, it may regulate the nonexpressive conduct for rea-

sons unrelated to the suppression of speech. *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). It may also regulate nude dancing under the power granted it by the Twenty First Amendment. *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). And it may totally ban obscene nude dancing. *Sable Communications*, 109 S.Ct. at 2835.

The State has admitted that the dance involved in this case is non-obscene but it has not presented any legitimate grounds for defending the statute. Thus, the ban at issue here does not fall within any of those categories of legitimate legislation. If the State wishes to regulate nonobscene expressive activity, it may do so, but within the bounds of the first amendment.

### III.

Accordingly, the judgment of the district court is REVERSED, and the case is remanded for the entry of orders enjoining the State from enforcing I.C. 35–45–4–1 against these plaintiffs to prohibit non-obscene nude dancing as entertainment.

---

**4.** The State also argues that not all entertainment is expressive and pointedly offers as examples cock-fighting and bear-baiting. We need not address that issue, for the basis of our holding is that *dance* is expression. We have framed the issue in terms of "dance as enter-

tainment" in order to narrowly and accurately represent the facts of the case and to distinguish dance as an art or entertainment form from such things as social dancing or, say, aerobic dance/exercise. We express no opinion as to the expressive content of those activities.