The Honorable Eddie Cooper State Representative Post Office Box 1 Melbourne, AR 72556-0001
Dear Representative Cooper:
I am writing in response to your request for an opinion on the following:
 Can a convicted felon be prohibited from owning, possessing or hunting with a bow and arrow?
RESPONSE
In my opinion, a convicted felon who has completed his or her sentence, including parole, is not prohibited from owning, possessing, or hunting with a bow and arrow based on his or her felon status alone. See Op. Att'y Gen. 89-370. A convicted felon placed on probation, however, could be prohibited from owning, possessing, or hunting with a bow and arrow as a condition of his or her probation. In my opinion, a convicted felon on parole may be prohibited from owning, possessing, or hunting with a "dangerous weapon" under Condition 5 of the Conditions of Release of the Arkansas State Parole Board. Whether a particular bow and arrow would be considered a dangerous weapon is a question of fact to be addressed on a case-by-case basis, but I will note that any bow and arrow employed in archery hunting of wildlife such as deer would likely be considered a "dangerous weapon."
Your request for an opinion does not specify whether the convicted felon in question has completed his or her entire sentence or whether this individual is on probation or parole. I will address each status in turn.
Fully completed sentence
The first status possible is if a convicted felon has completed the entirety of his or her sentence, including all applicable probation, incarceration, and/or parole time required. One of my predecessors addressed whether a convicted felon who has served the entirety of his or her sentence could be allowed to hunt with a bow and arrow. See Op. Att'y Gen. 89-370. My predecessor opined that such a convicted felon could properly be allowed to hunt with a bow and arrow assuming that all licensure and other legal requirements were met. Id. I fully agree with the analysis in that opinion and I am enclosing a copy of Op. Att'y Gen. 89-370 for your convenience.
Probation
A court may suspend the imposition of a sentence and place a convicted defendant on probation under certain circumstances.See, e.g., Parker v. State, 265 Ark. 134, 577 S.W.2d 414
(1979). A court may place conditions on the suspension of the imposition of a sentence including, most applicably,
 [The defendant must] [s]atisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his or her liberty or incompatible with his or her freedom of conscience.
A.C.A. § 5-4-303(c)(10) (Supp. 2005). The Arkansas Supreme Court has held that conditions for probation will be upheld when there is a reasonable relationship between the condition imposed and the crime committed or to future criminality. Young v. State,286 Ark. 413, 692 S.W.2d 752 (1985).
The expansive language of A.C.A. § 5-4-303 may authorize a restriction on the ownership or possession of a bow arrow. Whether such a restriction would be a valid condition for probation that is reasonably related to the crime committed or to preventing future criminality, however, is a question of fact that must be addressed on a case-by-case basis by a court.
Parole
The Arkansas State Parole Board lists conditions of release for all inmates who are paroled before completing the entirety of their sentence. Regarding weapons, the Conditions of Release specifically state:
 You must not own, possess, use, pawn, sell, or have under you[r] control any firearm (or imitation) or other dangerous weapon, or be in the company of any person possessing such weapons. You may not possess any ammunition.
Arkansas State Parole Board, Conditions of Release, Condition 5. (Emphasis added.) The Board does not specify the meaning of a dangerous weapon and any determination of whether a weapon is a dangerous weapon would need to be analyzed by an appropriate finder-of-fact. See, e.g., State v. Causer, 2004 ND 75,678 N.W.2d 552 (2004) (holding that bow and arrows were "dangerous weapons" within the probation requirements and possession thereof was a violation of the probation order). I note, however, that a bow and arrow tackle that would be used for hunting wildlife such as deer would likely be considered a dangerous weapon.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
Enclosure