The Honorable Robert N. Jeffrey State Representative 18 Charlotte Ann Camden, AR 71701-9542
Dear Representative Jeffrey:
I am writing in response to your request for my opinion on the following questions:
 1. Is it permissible under Arkansas law or the Arkansas or United States Constitutions for a circuit or district court to require as a condition precedent to a sentence of probation the payment of court costs and/or fines?
 2. Does a circuit or district court have discretion to refuse to sentence a defendant to probation pursuant to a plea agreement where the only stated reason for rejection of probation is due to an indigent defendant's inability to pay court costs prior to the entry of the plea of guilty?
 3. May a circuit court set as a condition of probation payment of court cost[s] within 30 days of a sentence of probation and require a defendant to serve jail time if the costs are not paid by the 30th day?
RESPONSE
In my opinion, the answer to your first question is a qualified "yes." However, the fine must be "reasonably necessary" to assist the defendant in rehabilitation, and *Page 2 
the defendant may not be an indigent who is unable to discharge the fine. I believe the answer to both your second and third question is "no."
Question 1: Is it permissible under Arkansas law or the Arkansas orUnited States Constitutions for a circuit or district court to requireas a condition precedent to a sentence of probation the payment of courtcosts and/or fines?
In my opinion, the answer to this question is, generally, "yes," so long as the fine is "reasonably necessary to assist the defendant in leading a law-abiding life." A.C.A. § 5-4-303(a). Moreover, as discussed in my response to your second question, imposing a fine upon an indigent subject to the threat of imprisonment for nonpayment may amount to invidious discrimination in derogation of the Equal Protection clauses of both the Arkansas and the United States Constitutions.
Chapter 4 of Title 5 of the Arkansas Code (Repl. 2006 Supp. 2007) addresses the disposition of offenders by the state and its political subdivisions under Arkansas law. Subchapters 2 and 3 of this chapter respectively address, on the one hand, the imposition of fines, costs and restitution, and, on the other, the conditions attending a suspension of sentencing or a sentence of probation in criminal actions.[1] Chapters 90, 92 and 93 of title 16 of the Code (Repl. 2006 Supp. 2007) further respectively address the issues of judgment and sentence, costs, fees and fines, and probation and parole.
As a matter of both statutory and case law, it is clear that a court generally has the authority to condition probation upon a defendant's payment of a fine and/or court costs.[2] For instance, A.C.A. § 16-90-1008(a) (Repl. 2006) provides: *Page 3 
 A court may not order a probationer to make any payments as a term and condition of probation, except for fines, court costs, restitution of the victim, payment to a local crime stoppers program under subsection (b) of this section, and other terms and conditions expressly authorized by statute.[3]
(Emphasis added.)
Section 5-4-303 further provides in pertinent part:
 (a) If a court suspends imposition of sentence on a defendant or places him or her on probation, the court shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life.
 * * * *Page 4 (10) Satisfy any other condition reasonably related to the rehabilitation of the defendant and not unduly restrictive of his or her liberty or incompatible with his or her freedom of conscience.[4]
(Emphasis added.)
Section 5-4-322 (Repl. 2006) further provides in pertinent part:
 (a)(1) A district court or city court may:
 (A) Place a defendant on probation or sentence him or her to public service work; and *Page 5 
 (B) As a condition of its order, require the defendant to pay a:
 (i) Fine in one (1) or several sums[.]
 * * *
 (2)(A) The broad objective of probation is to educate and rehabilitate a person placed on probation.
 (B) A condition for probation shall bear a reasonable relationship to the offense committed or to future criminality and be reasonably necessary to assist the defendant in leading a law-abiding life.
 (3)(A) A condition of probation shall be closely monitored and supervised by the district court or city court or by a probation officer.
 (B) The district court or city court shall determine if a condition of probation is in compliance with the provisions of subdivision (a)(2) of this section.
Subject to the provisos discussed above and the conditions set forth in the statutes themselves, I am unaware of any provision of state or federal law that would preclude a court from conditioning probation upon the payment of a fine.
Question 2: Does a circuit or district court have discretion to refuseto sentence a defendant to probation pursuant to a plea agreement wherethe only stated reason for rejection of probation is due to an indigentdefendant's inability to pay court costs prior to the entry of the pleaof guilty?
As suggested above, I believe a court's refusal to consider probation as a sentencing option purely because of a defendant's indigency — which is what your question appears to contemplate — might well be subject to challenge as a violation of the Equal Protection guarantees set forth in the Fourteenth Amendment to the United States Constitution and in article 2, §§ 2 and 3 of the Arkansas Constitution. *Page 6 
The standard applicable to the imprisonment of indigents for their inability to pay a fine is set forth as follows in Jordan v. State,327 Ark. 117, 120-22, 939 S.W.2d 255 (1997):
 In Bearden v. Georgia, 461 U.S. 660 (1983), the Supreme Court dealt with the issue whether the Fourteenth Amendment prohibits a State from revoking an indigent defendant's probation for failure to pay a fine and restitution. In opening its discussion of this issue, the Court stated:
 Its resolution involves a delicate balance between the acceptability, and indeed wisdom, of considering all relevant factors when determining an appropriate sentence for an individual and the impermissibility of imprisoning a defendant solely because of his lack of financial resources. We conclude that the trial court erred in automatically revoking probation because petitioner could not pay his fine, without determining that petitioner had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist.
 Id. at 661.
 Reviewing testimony from the probation revocation hearing in Bearden, the Supreme Court observed:
 While the sentencing court commented on the availability of odd jobs such as lawn mowing, it made no finding that the petitioner had not made sufficient bona fide efforts to find work, and the record as it presently stands would not justify such a finding. . . . The State argues that the sentencing court determined that the petitioner was no longer a good probation risk. In the absence of a determination that the petitioner did not make sufficient bona fide efforts to pay or to obtain employment in order to pay, we cannot read the opinion of the sentencing court as reflecting such a finding. Id. at 673-74. *Page 7 
 Arkansas has adopted statutory guidelines as to what matters shall be considered by a court reviewing revocation of a probationary sentence for failure to pay restitution. Arkansas Code Annotated § 5-4-205 (Repl. 1993) provides as follows:
 In determining whether to revoke probation or conditional release, the court or releasing authority shall consider the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.
 Id. § 5-4-205(c)(2).
 * * *
 Where there is no determination that the failure to pay restitution is willful, it is clear that a probationer cannot be punished by imprisonment solely because of a failure to pay. The Supreme Court in Bearden stated: "[I]f the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it." Bearden, 461 U.S. at 667-68 (quoting Tate v. Short, 401 U.S. 395 (1971)). see also Williams v. Illinois, 399 U.S. 235 (1970).
 A defendant's failure to make bona fide efforts to seek employment or to borrow money to pay restitution may justify imprisonment. Under Arkansas law, probation may be revoked if the trial court finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of probation. Ark. Code Ann. § 5-4-309(d) (Repl. 1993); see also Ark. Code Ann. § 5-4-310 (Repl. 1993); see, e.g., Hoffman, 289 Ark. at 189, 711 S.W.2d at 153. Considerations such as those enumerated in Ark. Code Ann. § 5-4-205(c)(2), as quoted above, are required before probation is revoked.
Jordan, supra at 1220-22. *Page 8 
In my opinion, then, a court may not deny probation solely because it perceives that a defendant will prove unable to pay a fine.
Question 3: May a circuit court set as a condition of probationpayment of court cost[s] within 30 days of a sentence of probation andrequire a defendant to serve jail time if the costs are not paid by the30th day?
In my opinion, a policy of the sort you have described would in all likelihood not withstanding constitutional scrutiny. As discussed in my response to your previous question, any consideration of a criminal defendant's ability to pay a fine will of necessity involve an intense factual analysis of precisely what efforts the defendant has undertaken to obtain employment or otherwise gain the funds to discharge his obligation. I do not believe such a factual scrutiny would be deemed consistent with a black-letter rule that a defendant who fails to pay a fine within 30 days of being put on probation will be automatically jailed for nonpayment.
The situation proposed in your request is not unlike that at issue inDrain v. State, 10 Ark. App. 338, 664 S.W.2d 484 (1984), in which a defendant who had made a pauper's oath proved unable to pay set court costs and a periodic fine. The court framed the issue on appeal as follows:
 Stated more succinctly, was appellant's nonpayment of the fine deliberate or was it because of his inability to pay? It is well settled that we will not overturn a decision in the trial court to grant a petition to revoke unless it is clearly against the preponderance of the evidence. Cureton v. State, 266 Ark. 1034, 589 S.W.2d 204 (Ark.App. 1979).
Invoking Bearden, supra, the court in Drain conducted a factual analysis of the record and reversed the trial court's order of imprisonment. I believe that any hard and fast rule requiring imprisonment of a defendant who fails to pay a court-ordered fine within a specified period is flatly inconsistent with the principles discussed inBearden and Drain. *Page 9 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General
[1] Section 5-4-101 (Repl. 2006) provides the following pertinent definitions:
 (2) "Probation" or "place on probation" means a procedure in which a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence but subject to the supervision of a probation officer;
 * * * 
 (5) "Suspension" or "suspend imposition of sentence" means a procedure in which a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence and without supervision.
[2] With respect to the relationship between "fines" and "court costs," A.C.A. § 16-13-701 (Supp. 2007) provides:
 (a) The procedures established by this subchapter shall apply to the assessment and collection of all monetary fines, however designated, imposed by circuit courts, district courts, or city courts for criminal convictions, traffic convictions, civil violations, and juvenile delinquency adjudications and shall be utilized to obtain prompt and full payment of all such fines.
 (b) For purposes of this subchapter, the term "fine" or "fines" means all monetary penalties imposed by the courts of this state, which include fines, court costs, restitution, probation fees, and public service work supervisory fees.
[3] Notwithstanding this general authorization for the imposition of fines and court costs, the Arkansas Supreme Court has declared that a court cannot routinely impose a monetary penalty that is uniform and fixed in advance. In Parker v. Laws, 249 Ark. 632, 636, 460 S.W.2d 337
(1970), the court struck down such a penalty, offering the following explanation:
 The amount of the payment was fixed in advance and therefore could not possibly have had the slightest relationship to the many factors that are rightly to be considered in determining whether the best interests of society and of the accused call for a suspension of the sentence.
Although decided under prior law, see note 4, infra, I believe this general principle still applies.
[4] In Young v. State, 286 Ark. 413, 417-18, 692 S.W.2d 752 (1985), the Arkansas Supreme Court offered the following observations regarding what conditions might be characterized as "reasonably necessary to assist the defendant in leading a law-abiding life":
 Ark. Stat. Ann. 41-1203 [now A.C.A. § 5-4-303], conditions of suspension or probation, states in part that the court "shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life." The statute lists some of the possible conditions the court may attach, including that a defendant be required to "refrain from frequenting unlawful or designated places or consorting with designated persons," and "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty. . . ."
 The broad objectives sought by probation are education and rehabilitation, and the conditions of probation and suspension should promote those objectives. It is generally held that conditions for probation will be upheld if they bear a reasonable relationship to the crime committed or to future criminality. 21 Am.Jur.2d 570.
In Op. Att'y Gen. No. 2003-190, my immediate predecessor offered the following analysis of the scope of A.C.A. § 5-4-303(a):
 [L]egislative action taken after the court's pronouncement in Young strongly suggests that the legislature intended the "reasonably necessary" standard to serve as a significant restraint on judicial discretion in conditioning probation. Before 1991, A.C.A. § 16-93-401 authorized any circuit court to order probation "upon such terms and conditions as the court deems best" — a standard considerably broader than that set forth at A.C.A. § 5-4-303(a). The legislature repealed this statute by Act 586 of 1991, noting that it was "in conflict with statutes contained in the Arkansas Criminal Code" and that as a result "great confusion exists as to the applicability of provisions governing the disposition of offenders, hamper[ing] courts in the effective and proper disposition of offenders." In my opinion, this history suggests that the legislature intended the "reasonably necessary" standard to be relatively narrowly construed. *Page 1