LARRY D. VAUGHT, Judge
The appellant, LaQueena Cox, appeals her conviction by a Pulaski County Circuit Court of theft of property, a Class A misdemeanor, and the revocation of her probation for committing the new offense.[1] We affirm both the conviction and the revocation.
On August 3, 2017, while on probation, Cox was charged with theft of property, a Class C felony, pursuant to Arkansas Code Annotated section 5-36-103(b)(3)(A) (Repl. 2013). The State alleged that she had exercised unauthorized control over currency with a value of less than $ 5,000 but more than $ 1,000. The circuit court held a bench trial on February 26, 2018, and the State put on evidence that Cox worked as the manager of the Parkway Crossing apartment complex in North Little Rock, where her duties included collecting, recording, and depositing rent payments. Valecia Walker, co-owner of the complex, testified that Cox was a tenant who had fallen behind on her rent and that Walker had offered assistance by providing a job as the assistant manager of the complex. Cox later became manager. Stephanie Raney, another employee, testified that she noticed people coming in to pay rent who were not listed in the office software as tenants and who were paying for apartments listed in the complex's records as unoccupied.
Donald Marshall, who co-owns the complex with Walker, testified that the complex used QuickBooks Pro and AppFolio software to track and manage rental payments. Marshall testified that in April 2017, Raney told him that people were coming to the complex's office to pay for apartments listed as "vacant" in the management software. According to Marshall, *136 employees were required to record rental payments in both software programs. When a payment was recorded, the AppFolio software program would generate a receipt for the tenant. Marshall testified that he knew Cox was stealing money from the business when he learned that a tenant had a handwritten receipt from Cox for a cash payment and that there was no record of the payment in the management software. Marshall testified that employees were not allowed to accept cash payments or issue handwritten receipts.
Doris Hernandez testified that Cox accepted Hernandez's application for an apartment and issued her a receipt for a $ 460 payment that she made on February 17, 2017. Hernandez testified that $ 300 of that payment was in cash, and the remainder was paid by money order. Hernandez identified Cox as the person who had accepted that payment. The payment was not recorded in the business's management software. There was no record that it had been deposited with the bank.
The court sustained Cox's objection to the admission of several other handwritten receipts for cash payments because those documents could not be authenticated without the testimony of the persons named on the receipts. Other than Hernandez, none of the other residents to whom Cox had issued handwritten receipts could be located for trial. The State rested, and Cox moved to dismiss, arguing that the State had proved only that she had failed to record Hernandez's payment in the management software, not that she had stolen the money. The State argued that its evidence demonstrated that Cox was not allowed to either take cash payments or issue handwritten receipts but had done both, had not recorded or deposited the cash, and could not accounted for the cash. The court denied the motion. The defense rested and renewed its motion, which the court again denied. The court found Cox guilty of misdemeanor theft.[2] Cox stipulated that the conviction amounted to a violation of her probation, and the court revoked her probation. This timely appeal followed.
On appeal, Cox challenges the sufficiency of the evidence supporting both her conviction for theft of property and the subsequent revocation of her probation based on the commission of that new offense. See Walker v. State , 77 Ark. App. 122, 124, 72 S.W.3d 517, 519 (2002) (a motion to dismiss for lack of evidence in a bench trial is a challenge to the sufficiency of the State's proof). Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Jones v. State , 357 Ark. 545, 182 S.W.3d 485 (2004). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. Wells v. State , 2017 Ark. App. 174, at 2, 518 S.W.3d 106, 108-09 (citing Haynes v. State , 346 Ark. 388, 58 S.W.3d 336 (2001) ). On appeal, we view the evidence in the light most favorable to the State, considering only that evidence that supports the verdict. Id. at 2, 518 S.W.3d at 108-09 (citing Williams v. State , 346 Ark. 304, 57 S.W.3d 706 (2001) ).
Cox raises one argument on appeal: she claims that the State presented insufficient evidence to support the conviction and the revocation because it failed to prove that she had the opportunity to steal the missing money and that no other employee had such an opportunity. Cox failed to raise this argument below and it is therefore not preserved for our review. In *137 her motion to dismiss, Cox argued that (1) the State had not shown that the money was "processed, deposited, not received"; (2) the State failed to prove the identities of the people who allegedly lived in the apartments listed as "unoccupied" in the management software; and (3) the State had not proven that any money taken from tenants was not deposited in the complex's bank account. She never argued that she had no opportunity to steal the money or that other employees had such an opportunity.
In order to preserve a challenge to the sufficiency of the evidence for appeal from a bench trial, the issue must be articulated clearly and specifically to the circuit court in a motion to dismiss so that the circuit court will have the opportunity to either grant the motion or, if justice requires, allow the State to reopen its case and supply the missing proof. Lamb v. State , 372 Ark. 277, 279, 275 S.W.3d 144, 146 (2008). A party may not change or expand his or her arguments on appeal; an appellant is limited to the scope and nature of the arguments made below. Id. We therefore affirm Cox's conviction for theft of property based on her failure to preserve her only argument on appeal.
Cox also challenges the sufficiency of the evidence as the revocation of her probation. She rightfully concedes that any chance of succeeding in her appeal of the revocation hinges on obtaining a reversal of the theft conviction that formed the circuit court's basis for revoking her probation. Because we affirm her conviction for theft, we also affirm the revocation of her probation.
Affirmed.
Gladwin and Hixson, JJ., agree.

Although heard and decided together, this appeal stems from two underlying cases: Cox was convicted of theft of property, a Class A misdemeanor, in Pulaski County Circuit Court case number CR-17-2699, and her probation was revoked in Pulaski County Circuit Court case number CR-10-4191.

Because the State was prevented from introducing receipts for payments other than the one made by Hernandez, the court reduced the charge to a misdemeanor based on the amount of money at issue.