Cite as 2020 Ark. App. 520

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-19-872

| | | |
|---|---|---|
| KENDRICK L. REED | | **Opinion Delivered:** November 18, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | | [NO. 60CR-18-3330] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

Kendrick L. Reed challenges the sufficiency of the evidence supporting his conviction of residential burglary following a bench trial in the Pulaski County Circuit Court. We affirm.

Reed was arrested on May 28, 2018, and charged with residential burglary, third-degree battery, and second-degree terroristic threatening. He waived his right to a jury trial, and the case proceeded to a bench trial. At the trial, Markaye Collins testified that on May 28, shortly after her boyfriend, LeBron Campbell, left her apartment, someone knocked on her door. Thinking it was her boyfriend, she answered the door. Collins testified that Reed and two other men explained that they were looking for Campbell and that they seemed angry. Collins testified that Reed hit her in the face knocking her to the ground, and the men entered her apartment. Reed threatened to hit Collins again if she did not tell him where Campbell was, and after they searched her apartment and did not find Campbell, they left.

Reed moved the court to dismiss the charges of residential burglary. In pertinent part, Reed contended that

> [f]or Count 1, we have a residential burglary. The, first, the State has to show that there was unlawful, felonious entry into this house. I don't believe the State has met its burden even though taking the evidence most light, favorable to them, the testimony today, she's changed her story. She told the officers that she was leaving, and they came into the apartment. In her statement she said they were knocking on the door and then she let 'em in. On the second prong, purpose of committing [an offense] therein, I think in the felony information says battery in the third degree. The witness testified that they were there for the purpose of finding LeBron, not for the purpose of committing that offense.

The court denied the motion and found Reed guilty of all charges. Reed timely filed his notice of appeal.

On appeal, Reed argues for the first time that

> [a]t most, Markaye Collins's testimony at trial proved that Appellant Reed punched her in the face before he entered her residence. Given that Appellant Reed's third-degree battery against Ms. Collins took place before he entered her residence, this conduct could not serve as circumstantial proof that he had the specific intent to commit third-degree battery against her again after he entered her apartment. Appellant Reed committed third-degree battery against Ms. Collins once, before he entered her residence, and did not commit a second third-degree battery against her after he entered her residence. Because he committed third-degree battery against Ms. Collins *before* he entered her residence, there was no factual basis that would allow the fact-finder to reasonably infer that he intended to punch her in the face *after* he entered her residence, *unless he did so again after entering her residence*. In effect, Appellant Reed's conduct was no more a predicate third-degree battery for residential burglary than his conduct would have been a predicate third-degree battery for residential burglary had he punched [her] in the face in her front yard, outside her residence.

(Third emphasis added.)

By contrast, in his motion to dismiss, Reed argued that Collins's statement to the police differed from her trial testimony and that the State failed to prove that Reed entered the home with the purpose of committing third-degree battery. Specifically, Reed did not

argue below that the State was required to prove that Reed committed a second battery once he was inside Collins's apartment.

Arkansas Rule of Criminal Procedure 33.1(b) (2019) provides that in a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of the evidence and shall state the specific grounds therefor. Rule 33.1(c) further provides that a motion for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. In order to preserve a challenge to the sufficiency of the evidence for appeal from a bench trial, the issue must be articulated clearly and specifically to the circuit court in a motion to dismiss so that the circuit court will have the opportunity to either grant the motion or, if justice requires, allow the State to reopen its case and supply the missing proof. *Cox v. State*, 2019 Ark. App. 192, 575 S.W.3d 134. The appellate courts do not address arguments that are raised for the first time on appeal. *Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921. Appellants are bound by the arguments raised in the circuit court and the scope and nature of those arguments as presented to the circuit court. *Id*. Reed's argument on appeal is different from his argument to the circuit court; accordingly, we affirm.

Affirmed.

SWITZER and MURPHY, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.