Cite as 2024 Ark. App. 79

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-23-320

| | | |
|---|---|---|
| JUSTIN ANDERSON | | Opinion Delivered February 7, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-21-278] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

This appeal arises from the Hot Spring County Circuit Court's order denying in part appellant Justin Anderson's ("Anderson's") challenge to the "Sex Offender Specific Special Conditions of Probation" that were ordered after Anderson pleaded guilty to two counts of sexual indecency with a child, a violation of Arkansas Code Annotated section 5-14-110 (Supp. 2021). On appeal, Anderson maintains that the circuit court erred by finding that the special conditions are not unconstitutional under state and federal law. Additionally, Anderson argues that the special conditions left in effect by the court are illegal conditions not authorized by statute, law, or administrative rules. We affirm.

I. *Background Facts*

On August 24, 2021, the Hot Spring County Sheriff's Office received a report from the Arkansas State Police that Anderson had sexually abused his stepdaughter, the minor

victim. The affidavit for warrant of arrest included allegations that Anderson had forced the minor victim to undress in front of him since she was eleven years old and that the minor was currently sixteen years of age; that he had forced the minor victim to show him her breasts and kiss him on the lips; that the victim described instances wherein Anderson forced the minor victim to show him her vagina; that the victim described another instance wherein Anderson touched the minor victim's breast; and that Anderson frequently observed the minor victim while she showered.

Anderson pleaded guilty to two counts of sexual indecency with a child on October 11, 2022, and signed conditions of probation. On October 13, a document titled "Sex Offender Specific Special Conditions" (the "Special Conditions") was filed detailing nineteen additional conditions of probation—all of which were initialed and agreed to by Anderson and signed by the court. Included among the Special Conditions were the following:

> [Condition 1] You must not have any unsupervised contact or physical contact with children under the age of 18, unless authorized in writing by the court. Any contact with a minor(s) must be immediately reported to your supervising officer.
>
> [Condition 2] You must not date, socialize, fraternize, form a romantic interest or have a sexual relationship with any person who has a minor child even if they do not have physical custody of their children.
>
> [Condition 5] You must not reside or stay overnight in a residence where minor children are living or staying overnight—regardless of relationship to the minor child—unless authorized in writing by the court.

On December 20, the circuit court sentenced Anderson to six years' probation and fined him $1,500.

Prior to sentencing, Anderson filed two motions challenging the Special Conditions of his probation: (1) a motion to challenge the constitutionality of the Special Conditions and (2) a motion to modify the Special Conditions. In the first motion, Anderson argued that "[s]everal of the enumerated conditions on these Special Conditions are unconstitutional." He then specifically singled out conditions 1, 2, and 5. Further, Anderson argued that the condition preventing him from residing with any minor violates his fundamental right to parent his biological children, who were not victims in this case, and that condition 2 violates his fundamental right to privacy and to engage in private, consensual acts of sexual intimacy with another adult. Accordingly, Anderson requested that the circuit court find both the Special Conditions and Arkansas Code Annotated section 16-93-305 (Supp. 2021)—the statute prohibiting probationers who commit sex crimes against children from residing with children—unconstitutional.

In the second motion, Anderson sought to modify Special Conditions 1, 2, and 5. He alleged that conditions 1 and 5 prevent him from parenting his biological children, and condition 2 prevents him "from being able to continue in his relationship with an adult that he was dating before being put on probation."

On January 4, 2023, the circuit court held a hearing on Anderson's motions. Anderson disclosed at the hearing that he married the woman mentioned in his motions. Jennifer Dean-Jordan ("Dean-Jordan") from the sex-offender-services division of the Arkansas Division of Community Correction was called to testify regarding the development of the Special Conditions. Dean-Jordan explained that the conditions, which were developed by

3

the Arkansas Division of Community Correction, are based on empirical data and designed to reduce the risk that a sex offender will reoffend. She further testified that the conditions were not being utilized in every county in Arkansas; that she did not believe condition 2—pertaining to forming relationships with people with minor children—applies to married individuals; and that to the best of her knowledge, the Special Conditions were not specifically tailored to Anderson's case.

Anderson then argued his motions, first presenting his constitutional challenge. Specifically, he maintained that the Special Conditions are not narrowly tailored and that condition 2 violated his freedom of association and fundamental right to privacy protecting private consensual acts of intimacy between consenting adults; that there was an equal-protection violation because the conditions are not being applied in each county in the state; and that the conditions were not disclosed to him prior to making his guilty plea, and he was entitled to know what he was facing prior to making a plea. Accordingly, Anderson argued that the Special Conditions do not pass strict scrutiny and should be held unconstitutional in their entirety. The circuit court denied Anderson's motion, finding that the government has a compelling interest in protecting children and that conditions 1, 2, and 5 serve that governmental interest when the offense is related to children.

Next, Anderson made his argument for modifying certain Special Conditions—namely, that he not be prohibited from being around his biological children—and he asked the court to make a finding that he is not a danger to his stepchildren so that during periods of visitation, he be allowed to reside in the residence with his wife. The motion was granted

in part and denied in part. Specifically, the court (1) held that Anderson was not a danger to his biological children and allowed him to exercise visitation as set out in his divorce decree; (2) struck the condition that Anderson report any unsupervised contact with a child to his probation officer; and (3) kept in place the prohibition on Anderson staying overnight with a minor—other than his biological children—including his wife's children from a previous marriage.

On January 17, the court entered its written order reflecting the above-referenced rulings from the hearing. Anderson timely appealed the court's order, and this appeal followed.

## II. *Standard of Review*

We treat a postjudgment motion challenging the conditions of probation—after a guilty plea—the same as a postjudgment motion to correct an illegal sentence. *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999). This court will not reverse a circuit court's denial of a motion to correct an illegal sentence unless the circuit court's decision is clearly erroneous. *E.g., Johnson v. State*, 2019 Ark. App. 68, 571 S.W.3d 519. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left with a definite and firm conviction that the circuit court has made a mistake. *E.g., id.*

## III. *Points on Appeal*

Anderson argues the following: (1) the circuit court erred in ruling that Arkansas Code Annotated section 16-93-305 is not unconstitutional under state and federal law; (2) the circuit court erred in ruling that the Special Conditions are not unconstitutional under

5

state and federal law; and (3) the Special Conditions left in effect by the circuit court are illegal conditions not authorized by statute, law, or administrative rules.

IV. *Discussion*

A. Preservation

As argued by the State, the majority of Anderson's arguments on appeal were either not argued below or not ruled on by the circuit court. A party may not change or expand his arguments on appeal; an appellant is limited to the scope and nature of the arguments made before the circuit court. *Cox v. State*, 2019 Ark. App. 192, 575 S.W.3d 134. Furthermore, it is well established that an "appellant has the burden to obtain a ruling on an issue in order to preserve the issue for appeal." *Sloop v. Kiker*, 2016 Ark. App. 125, at 4, 484 S.W.3d 696, 699. This court will not reach an issue in the absence of a ruling, nor will it presume a ruling from the circuit court's silence. *Id.*

The following arguments presented by Anderson on appeal were not ruled on by the circuit court: (1) whether Arkansas Code Annotated section 16-93-305 is unconstitutional; (2) whether Anderson's due-process rights were violated because the Special Conditions were imposed after his guilty plea; (3) whether the Special Conditions violate his right to equal protection because they are not being applied in every county of the state; and (4) whether the Special Conditions are legally authorized by statute or Arkansas law. While we acknowledge that Anderson raised these arguments below, "[w]hen a circuit court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal." *Pritchett v. Spicer*, 2017 Ark. 82, at 9, 513 S.W.3d 252, 258 (internal

6

citations omitted). Because Anderson failed to obtain a ruling on these issues, we are precluded from reaching and deciding any of them.

Moreover, Anderson maintains on appeal that in order to survive a constitutional challenge, the Special Conditions must be based on an individualized inquiry and particularized finding that each condition is appropriate; however, he did not make this argument below. We have consistently held that we will not consider issues raised for the first time on appeal, even constitutional ones. *See A.J.A. v. State*, 2019 Ark. App. 464, 588 S.W.3d 92. Accordingly, we decline to consider the merits.

### B. Constitutionality of the Special Conditions

Next, Anderson contends that the Special Conditions violate his constitutional rights. Specifically, he proclaims that the conditions violate his right to parent his children, his right to privacy, his freedom of association, and his freedom of speech. As stated above, the conditions consist of nineteen special conditions of probation. On appeal, Anderson argues that the Special Conditions in their entirety are unconstitutional. However, his motions and oral argument at the hearing focused only on the Special Conditions referenced above—1, 2 and 5. Because Anderson is limited to the scope and nature of the arguments made before the circuit court, *see Cox*, 2019 Ark. App. 192, at 4–5, 575 S.W.3d at 137, we only address the constitutionality of conditions 1, 2, and 5 and decline to address Anderson's expanded argument as to the Special Conditions in their entirety.

This court reviews a circuit court's interpretation of the constitution de novo. *Worsham v. State*, 2019 Ark. App. 65, 572 S.W.3d 1. The standard of review on

constitutional challenges of fundamental rights are reviewed under strict scrutiny, which means that, here, the Special Conditions cannot pass constitutional muster unless they provide the least restrictive method available that is narrowly tailored to accomplish a compelling State interest. *Arnold v. State*, 2011 Ark. 395, 384 S.W.3d 488; *see also Sable Commc'ns of Cal., Inc. v. F.C.C.*, 492 U.S. 115 (1989). Anderson maintains that the Special Conditions are not the least restrictive means of meeting the state's compelling interest of protecting children from being victimized. The circuit court—in applying strict scrutiny—denied Anderson's motion challenging the constitutionality of the Special Conditions finding that "the Government has a compelling interest and that the sex offender specific probation conditions are narrowly drawn to further the Government's compelling interest."

In contrast, the State argues that while the circuit court reached the correct result, strict scrutiny does not apply to probation conditions—even when they infringe on a probationer's constitutional rights; rather, a lower standard should have been applied here. We agree. In *Young v. State*, 286 Ark. 413, 692 S.W.2d 752 (1985), our supreme court affirmed a probation condition that infringed on the appellant's exercise of her First Amendment rights. In doing so, the *Young* court held that "[t]he broad objectives sought by probation are education and rehabilitation" and, furthermore, that conditions of probation will generally be upheld "if they bear a reasonable relationship to the crime committed or to future criminality." *Id.* at 418, 692 S.W.2d at 755.

Here, Anderson was sentenced to probation after pleading guilty to two counts of sexual indecency with a child. Conditions of probation that prevent Anderson from having

unsupervised contact or physical contact with a child under the age of eighteen or from staying overnight in a residence where minor children are living—with the exception of his biological children—bears not only a reasonable relationship to the crime committed but also a direct relationship to the crime of sexual indecency with his stepdaughter. Moreover, Dean-Jordan testified that the Special Conditions were developed by the Arkansas Division of Community Correction on the basis of empirical data and are specifically designed to reduce the risk that a sex offender will reoffend. Anderson presented no evidence to dispute Dean-Jordan's testimony.

Accordingly, because conditions 1, 2, and 5 bear a direct relationship to preventing Anderson from reoffending, we affirm the result reached by the circuit court, even though the court applied a stricter standard than what is required when reviewing a condition of probation. *See City of Marion v. City of West Memphis*, 2012 Ark. 384, 423 S.W.3d 594 (affirming the circuit court's order where it reaches the right result, even though it may have announced the wrong reason).

V. <em>Conclusion</em>

For the reasons set forth above, we affirm the circuit court's order in all aspects.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*Digby Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.