IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2024 Term

_____

No. 23-68

_____

FILED

November 12, 2024

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

v.

KYLE JOHN SCHOBER,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Berkeley County
The Honorable Bridget Cohee, Judge
Criminal Action No. CC-02-2021-F-235

AFFIRMED
_____

Submitted: October 9, 2024
Filed: November 12, 2024

Jonathan T. O'Dell, Esq.
Assistant Public Defender
Public Defender Corp.
23rd Judicial Circuit
Martinsburg, West Virginia
Attorney for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Andrea Nease-Proper, Esq.
Deputy Attorney General
Charleston, West Virginia
Attorney for the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1. We review a circuit court's decision on a motion to modify conditions of probation for an abuse of discretion.

2. The West Virginia Cannabis Act, West Virginia Code §§ 16A-1-1 to -16-1, does not supersede West Virginia Code § 62-12-9 or prevent a circuit court from requiring a probationer to refrain from using marijuana as a condition of his or her release on probation, even when the probationer has qualified as a "patient" and obtained an identification card pursuant to the Cannabis Act.

3. "*W. Va. Code*, 62-12-9, *as amended*, permits a trial judge to impose any conditions of probation which he may deem advisable, but this discretionary authority must be exercised in a reasonable manner." Syllabus point 6, *Louk v. Haynes*, 159 W. Va. 482, 223 S.E.2d 780 (1976).

i

**BUNN, Justice:**

Petitioner, Kyle John Schober, appeals an order of the Circuit Court of Berkeley County denying his renewed motion to modify conditions of his probation to allow his use of medical cannabis in accordance with the West Virginia Medical Cannabis Act ("Cannabis Act" or "Act"). Mr. Schober contends that the circuit court erred by failing to conclude that certain provisions of the Act supersede West Virginia Code § 62-12-9, which governs conditions of release on probation. He claims the circuit court further erred by devising a twelve-part test that he could not satisfy. The State maintains that the circuit court properly denied Mr. Schober's motion because he must comply with federal law while on probation, and the federal Controlled Substances Act prohibits his possession of medical cannabis. We conclude that the Cannabis Act does not supersede West Virginia Code § 62-12-9, the circuit court did not abuse its discretion by directing Mr. Schober to provide evidence relevant to his motion to modify, and because Mr. Schober's possession of cannabis violates the Controlled Substances Act, the circuit court properly denied Mr. Schober's requested modification.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The underlying criminal conviction in this case arose from a traffic stop in September 2021. Mr. Schober was pulled over when a Berkeley County sheriff's deputy observed him driving left of center. When the deputy approached Mr. Schober's vehicle,

1

he noticed a marijuana odor, searched the vehicle, and found six baggies of marijuana, four plastic containers of tetrahydrocannabinol ("THC") extract, two baggies of cocaine, and a scale. The deputy filed a criminal complaint in the Magistrate Court of Berkeley County charging Mr. Schober with two felony counts of possessing a Schedule I or II controlled substance with intent to deliver,[1] and two felony counts of transporting a Schedule I or II controlled substance into the state.[2] The matter was bound over to circuit court, and the State offered a non-binding plea agreement whereby Mr. Schober would plead guilty by information to one count of possessing a Schedule I or II narcotic with intent to deliver,[3] and the State would recommend that Mr. Schober receive a one-to-fifteen-year sentence, suspended in favor of five years of probation. The State also agreed to dismiss the

---

[1] *See* W. Va. Code § 60A-4-401. Before the circuit court, the State contended that, based on the quantity of the controlled substances, their packaging, and the presence of a scale, it would be able to prove Mr. Schober's possession with intent to deliver cocaine. Also, in his memorandum filed in support of his motion to modify his probation conditions, Mr. Schober conceded that the amounts of marijuana, cocaine, and THC in his possession were consistent with distribution and admitted to selling these substances to support his own drug use.

[2] *See id.* § 60A-4-409. The officer's complaint alleged that Mr. Schober's operator's license and vehicle registration reflected a Virginia residence. At his plea and sentencing hearing, Mr. Schober's counsel stated that his current address was in West Virginia. The date of Mr. Schober's relocation to West Virginia is unclear.

[3] The information alleged a violation of West Virginia Code § 60A-4-401(a)(i), which classifies the crime of possessing a Schedule I or II narcotic with the intent to deliver as a felony offense that carries a sentence of one-to-fifteen years imprisonment and/or a fine of $25,000. Although the Legislature amended West Virginia Code § 60A-4-401 in 2022, the 2020 version was in effect at the time of Mr. Schober's arrest. Notably, the 2022 amendments did not alter the penalty applicable to the crime of possessing a Schedule I or II narcotic with the intent to deliver.

2

remaining charges and to refrain from filing a recidivist information, if applicable. After conferring with his lawyer, Mr. Schober accepted the State's plea offer.

The circuit court scheduled a plea hearing for December 20, 2021, and ordered the county probation department to prepare a pre-plea investigation report. During the plea hearing, Mr. Schober's counsel disclosed that, at the time of his arrest, Mr. Schober used approximately one gram of cocaine per day and over an ounce of marijuana per week. Mr. Schober stated that he was not using any drugs or alcohol at the time of the hearing, and he planned to attend Narcotics Anonymous meetings.

The circuit court accepted Mr. Schober's guilty plea to one count of possessing a controlled substance with the intent to deliver, sentenced him to one-to-fifteen years imprisonment, and suspended the sentence in favor of five years of supervised probation. As special conditions of Mr. Schober's probation,[4] the court required Mr. Schober to enter an intensive, outpatient drug treatment program and submit to random drug screens. The court explained to Mr. Schober that a positive screen would violate his probation and subject him to the possibility of serving his full sentence.[5] The circuit court's

---

[4] *See id.* Code § 62-12-9(b) (permitting court to impose conditions on probation in addition to those identified in West Virginia Code § 62-12-9(a)).

[5] The circuit court's conviction and sentencing order does not reflect these special conditions. We have found no error where an order imposing probation fails to

3

December 23, 2021 conviction and sentencing order reflects Mr. Schober's sentence and imposes the standard terms and conditions on his probation.[6]

While serving his term of probation, Mr. Schober applied for a medical cannabis identification card pursuant to the Cannabis Act, W. Va. Code § 16A-5-1. To obtain an identification card, the Act required Mr. Schober to provide certification confirming his diagnosis of a "serious medical condition," as defined by the Act, from a physician listed in the physician registry established by the West Virginia Bureau for Public Health,[7] Office of Medical Cannabis ("OMC").[8] *Id.* § 16A-2-1(a)(30).[9] To obtain the necessary certification, Mr. Schober had an online appointment with Dr. Serge Cormier, an obstetrician-gynecologist ("OB/GYN") listed in OMC's physician registry. Dr. Cormier

---

reflect all its terms, but the record shows the petitioner received notice of all the terms in the presence of counsel. *See Louk v. Haynes*, 159 W. Va. 482, 491, 223 S.E.2d 780, 786 (1976). However, the better practice is to include all the terms and conditions for probation in a written order.

[6] *See* W. Va. Code § 62-12-9(a) (establishing conditions for release on probation).

[7] The Bureau for Public Health is a division of the West Virginia Department of Health. *See id.* § 16A-2-1(a)(3) (defining "Bureau"); *id.* § 5F-2-1a(c)(1)(A) (identifying the Bureau for Public Health as part of the Department of Health).

[8] *See id.* § 16A-10-1 (authorizing Commissioner of Bureau for Public Health to establish Office of Medical Cannabis "to assist in the administration and enforcement of the provisions" of the Cannabis Act).

[9] *See also id.* § 16A-4-1 (providing requirements for physician registration); *id.* § 16A-4-3 (addressing certification issued by registered physician).

4

certified that Mr. Schober suffered from Post Traumatic Stress Disorder ("PTSD"), a qualifying "serious medical condition" under the Cannabis Act. *Id.* § 16A-2-1(a)(30).[10] The OMC approved Mr. Schober's application on March 18, 2022.

Based on advice from his probation officer and his lawyer, Mr. Schober filed a motion to modify the conditions of his probation on April 25, 2022,[11] approximately four months after his sentencing, seeking to modify the conditions of his probation to allow his use of medical cannabis. The circuit court scheduled a hearing on the motion and directed Mr. Schober to file verified documentation to address twelve issues generally related to his criminal record, medical history, probation, and receipt of a medical cannabis card.[12] With court permission, Mr. Schober filed, under seal, a memorandum in support of his motion

---

[10] *See also id.* § 16A-2-1(a)(25) (defining "Post-traumatic stress disorder" as "a diagnosis made as part of continuing care of a patient by a medical doctor, licensed counselor, or psychologist").

[11] Mr. Schober subsequently moved to have the motion filed under seal, which the circuit court granted.

[12] Specifically, the circuit court directed Mr. Schober to address: (1) the nature of Mr. Schober's offense; (2) his past record; (3) his past substance use disorder issues, including treatment; (4) the ailment Mr. Schober receives medical cannabis to treat; (5) the frequency of his contact with his physician for that condition; (6) other potential factors, including mental health issues; (7) the availability and advisability of other medications; (8) the impact of medical cannabis on Mr. Schober's rehabilitation and sentencing goals, and on community safety; (9) the impact of medical cannabis on deterring Mr. Schober from future criminality; (10) facts and circumstances a court normally considers for modification of probation terms; (11) a valid medical cannabis card—verified for authenticity; and (12) Mr. Schober's history of lawfully using medical cannabis—verified with authentic medical records.

to modify and various exhibits intended to address the factors identified by the court.[13] At the hearing on his motion, Mr. Schober offered additional documents regarding his health history.[14] He also testified, explaining that he had been prescribed psychiatric medications for various conditions, not including PTSD, from the age of six to sixteen, when he opted to use cocaine and marijuana instead of his prescribed medications. According to Mr. Schober, around 2018, and after he was repeatedly robbed at gunpoint while living in a "trap house," he received a PTSD diagnosis from Dr. Don Lee. Mr. Schober did not see Dr. Lee after 2018, and he received no treatment for PTSD. Mr. Schober did not produce records reflecting a PTSD diagnosis from Dr. Lee.

By order entered on June 10, 2022, the circuit court denied Mr. Schober's motion, observing that Mr. Schober had not sought treatment for his PTSD other than a single video-conference call with Dr. Cormier through a website that advertised "doctors will determine whether a customer qualifies for a medical [cannabis] card after a quick 10-15 minute evaluation." The court also found that Dr. Cormier summarily accepted Mr. Schober's application for a medical cannabis card without requiring a PTSD diagnosis by

---

[13] The exhibits included (1) an email in which Mr. Schober attempted to address the court's factors; (2) the physician's certification prepared by Dr. Cormier; (3) a copy of the OMC list of registered physicians, which included Dr. Cormier; and (4) a printed copy of Mr. Schober's digital medical cannabis identification card.

[14] These documents, also filed under seal, consisted of a series of evaluations Mr. Schober had as a juvenile. They did not contain a diagnosis of PTSD.

a mental health professional, and Mr. Schober had provided no records to the court confirming a PTSD diagnosis or documenting treatment for PTSD. Finally, Mr. Schober had no plans for future treatment of his PTSD, which, the court observed, "is typically treated by mental health professionals, not OB/GYN doctors." The court advised Mr. Schober that he could file a revised motion to modify his probation conditions if he addressed the court's findings.

Mr. Schober filed a renewed motion to modify the conditions of his probation in October 2022, with exhibits documenting diagnoses for cannabis abuse, cocaine abuse, and PTSD made by his substance abuse therapist[15] and providing his ongoing treatment plan for therapy and peer recovery support sessions. At the hearing on Mr. Schober's motion, his counsel asked Mr. Schober's substance abuse therapist for her opinion on whether medical cannabis would help Mr. Schober's PTSD. The therapist did not provide an opinion as to whether medical cannabis would help Mr. Schober, instead stating "[a]s far as my standpoint professionally, the use of any substance can potentially trigger someone to want to use something stronger than just marijuana."

---

[15] The substance abuse therapist testified that she received her master's degree in addiction counseling in May 2022, and she was working toward a higher certification. She was not licensed as a counselor when she treated Mr. Schober.

The circuit court denied Mr. Schober's renewed motion to modify the conditions of his probation. Based on the evidence presented, the court concluded that Mr. Schober's use of medical cannabis would not be in the best interests of his rehabilitation and sentencing goals or community safety and would not deter his future criminality. The court also found the validity of Mr. Schober's medical cannabis card was questionable because his PTSD diagnosis was certified by an OB/GYN, who normally would not treat Mr. Schober for his cannabis use disorder, cocaine use disorder, or his PTSD. The court memorialized its decision in an order dated January 6, 2023. This appeal followed.

## II.

## STANDARD OF REVIEW

Mr. Schober appeals from an order denying a motion to modify conditions of probation.[16] We have not definitively established the standard for our review of an order addressing a motion to modify conditions imposed on probation. This Court settled the discretionary nature of a circuit court's imposition of probation conditions long ago. *See* Syl. pt. 6, *Louk v. Haynes*, 159 W. Va. 482, 223 S.E.2d 780 (1976) (acknowledging circuit court's discretionary authority to impose conditions of probation). The same discretionary standard should apply to the circuit court's decision whether to modify conditions previously imposed, such that our review of the court's discretion is for an abuse of

---

[16] Rule 32.1(b) of the West Virginia Rules of Criminal Procedure addresses modification of probation.

8

discretion. *See Potomac Comprehensive Diagnostic & Guidance Ctr., Inc. v. L.K. by Young*, 250 W. Va. 102, ___, 902 S.E.2d 434, 452 (2024) ("'Ordinarily, when a circuit court is afforded discretion in making a decision, this Court accords great deference to the lower court's determination. However, when we find that the lower court has abused its discretion, we will not hesitate to right the wrong that has been committed.'" (quoting *Rollyson v. Jordan*, 205 W. Va. 368, 379, 518 S.E.2d 372, 383 (1999))).

Other courts have applied an abuse of discretion standard when considering a lower tribunal's decision related to modification of probation conditions. *See United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014) (observing that denial of motion to modify probation condition is reviewed for abuse of discretion); *United States v. Grant*, 715 F.3d 552, 556-57 (4th Cir. 2013) (acknowledging that district court's decision whether to modify probation conditions is reviewed for abuse of discretion); *State v. Kishinevski*, No. 24-AP-052, 2024 WL 4182857, *2 (Vt. Sept. 13, 2024) (unpublished entry order) (reviewing trial court's decision on motion to modify probation conditions for abuse of discretion); *State v. Njoku*, 246 A.3d 33, 37 (Conn. App. Ct. 2021) (applying abuse of discretion standard when reviewing lower court's denial of motion to modify probation); *Commonwealth v. Morales*, 877 N.E.2d 938, 941 (Mass. App. Ct. 2007) (concluding judge did not abuse discretion in denying motion to modify probation conditions). Accordingly, this Court holds that we review a circuit court's decision on a motion to modify conditions of probation for an abuse of discretion.

To the extent we construe the Cannabis Act to resolve this appeal, our review is plenary. "'Interpreting a statute . . . presents a purely legal question subject to *de novo* review.' Syl. Pt. 1, in part, *Appalachian Power Co. v. State Tax Dep't*, 195 W. Va. 573, 466 S.E.2d 424 (1995)." Syl. pt. 2, *Freeland v. Marshall*, 249 W. Va. 151, 895 S.E.2d 6 (2023).

## III.

### DISCUSSION

Mr. Schober raises one assignment of error. He contends that the circuit court erred by denying his renewed motion to modify the conditions of his probation to allow him to use medical cannabis after he qualified as a patient under the Cannabis Act,[17] which, he claims, violates his rights created by the Act. He argues that the circuit court failed to apply principles of statutory construction to determine the scope of the Act, erroneously basing its decision on a subjective twelve-factor test does not exist in West Virginia law or jurisprudence and was "almost impossible, if not impossible" for him to meet. The State responds that the circuit court did not abuse its discretion in denying Mr. Schober's motion

---

[17] Pursuant to the Cannabis Act, "'Patient' means an individual who: (A) Has a serious medical condition; (B) Has met the requirements for certification under this act; and (C) Is a resident of this state." W. Va. Code § 16A-2-1(a)(22). Identification cards issued to patients authorize their use of medical cannabis. *See id.* § 16A-5-1(a) ("An identification card issued to a patient shall authorize the patient to obtain and use medical cannabis as authorized by this act.").

10

to use medical cannabis because probationers may not violate federal law and possession of marijuana is illegal under federal law. We find no error.

The principle guiding our examination of the Cannabis Act instructs that "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). Thus, "When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959). Yet, "A statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

The Act outlines the availability of medical cannabis in West Virginia, subject to enumerated conditions, and directs that, "Notwithstanding any provision of law to the contrary, the use or possession of medical cannabis as set forth in this act is lawful within this state." W. Va. Code § 16A-3-2(a).[18] *See also id.* § 16A-15-4(a)(1) (prohibiting

---

[18] West Virginia Code § 16A-3-2(a)(1) to (8) lists the conditions imposed upon the use of medical cannabis.

a patient from being "subject to arrest, prosecution or penalty in any manner, or denied any right or privilege, . . . solely for lawful use of medical cannabis").

Mr. Schober contends that, as a patient in possession of a medical cannabis identification card pursuant to the Cannabis Act, his use of medical cannabis is lawful and cannot be prohibited by a probation condition.[19] He focuses on the language "notwithstanding any provision of law to the contrary" in West Virginia Code § 16A-3-2(a), and argues that it "provides clear proof" that the Legislature intended the Cannabis Act to supersede any contrary provision of West Virginia law, including West Virginia Code § 62-12-9, which governs the conditions for release on probation. He is correct that, as used in West Virginia Code § 16A-3-2(a), the phrase "notwithstanding any provision of law to the contrary" signals the Legislature's intent to supersede conflicting law. *See N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 302, 137 S. Ct. 929, 940, 197 L. Ed. 2d. 263 (2017) ("A 'notwithstanding' clause . . . shows which of two or more provisions prevails in the event of a conflict."); *Field v. Napolitano*, 663 F.3d 505, 511 (1st Cir. 2011) ("'[T]he use of . . . a "notwithstanding" clause clearly signals the drafter's intention that the provisions of the "notwithstanding" section override conflicting provisions of any other

---

[19] *See id.* § 16A-3-2(a)(1)(A) (providing that medical cannabis may be dispensed to "a patient who receives a certification from a practitioner and is in possession of a valid identification card issued by the bureau"); *id.* § 16A-5-1(a) (addressing identification cards and stating "[t]he bureau may issue an identification card to a patient who has a certification approved by the bureau").

section.'" (alteration in original) (quoting *Cisneros v. Alpine Ridge Grp.,* 508 U.S. 10, 18, 113 S. Ct. 1898, 1903, 123 L. Ed. 2d. 572 (1993))).[20]

However, Mr. Schober's analysis is flawed insofar as we find no conflict between West Virginia Code § 16A-3-2(a), establishing the use of medical cannabis, and West Virginia Code § 62-12-9, providing conditions for release on probation.[21] Statutes generally conflict when they "'are explicitly contrary to, or inconsistent with, each other.'" *Off. of Hawaiian Affs. v. Kondo*, 528 P.3d 243, 251 (Haw. 2023) (quoting *Boyd v. Haw. State Ethics Comm'n*, 378 P.3d 934, 943 (Haw. 2016)). *See also Gomez v. Walker*, 540 P.3d 936, 941 (Colo. App. 2023) (concluding that statutes "cannot be harmonized and are in conflict"), *cert. granted in part en banc*, No. 23SC755, 2024 WL 966206 (Colo. Mar. 4, 2024); *Conflict, Webster's Third New International Dictionary* (unabridged ed. 1970) ("to show variance, incompatibility, irreconcilability, or opposition").

---

[20] *See also Meier v. Pub. Sch. Emps.' Ret. Sys.*, 997 N.W.2d 719, 726 (Mich. Ct. App. 2022) ("[W]hen two statutory provisions conflict, one of which contains 'notwithstanding any other provision' language, the provision with the 'notwithstanding' language controls."), *appeal denied*, 985 N.W.2d 516 (Mich. 2023) (mem); *Whole Woman's Health v. Jackson*, 642 S.W.3d 569, 579 (Tex. 2022) ("'[N]otwithstanding' language [used in Texas Health & Safety Code provision] confirms that the . . . provisions control over 'any other law' that may conflict with its provisions.").

[21] Furthermore, the existence of an apparent conflict would not necessarily require us to conclude that the Cannabis Act applies to the exclusion of West Virginia Code § 62-12-9. "Where two statutes are in apparent conflict, the Court must, if reasonably possible, construe such statutes so as to give effect to each." Syl. pt. 4, in part, *State ex rel. Graney v. Sims*, 144 W. Va. 72, 105 S.E.2d 886 (1958).

West Virginia Code § 62-12-9(a)(1) to (6) sets out mandatory conditions for probation, and West Virginia Code § 62-12-9(b) permits a circuit court to impose other conditions "which it may determine advisable." *Id.* Imposing a probation condition pursuant to this authority does not criminalize the subject of the condition or otherwise conflict with statutes or even constitutional provisions providing that those activities are lawful. Courts regularly impose conditions on probation that forbid otherwise lawful conduct and even invade a probationer's constitutional rights. *See Griffin v. Wisconsin*, 483 U.S. 868, 874, 107 S. Ct. 3164, 3169, 97 L. Ed. 2d. 709 (1987) (acknowledging that "probation conditions authorized in federal system include requiring probationers to avoid commission of other crimes; to pursue employment; to avoid certain occupations, places, and people; to spend evenings or weekends in prison; and to avoid narcotics or excessive use of alcohol" (citing 18 U.S.C. § 3563)).[22]

---

[22] *See also United States v. Krauss*, No. CR 23-34 (JEB), 2023 WL 7407302, at *4 (D.D.C. Nov. 9, 2023) ("Probationers' liberties are restricted in areas from search-and-seizure protections to associational rights to bodily autonomy."); *United States v. Tonry*, 605 F.2d 144 (5th Cir. 1979) (finding condition limiting probationer's right to participate in political activity did not offend statutory or constitutional law where probationer pled guilty to four misdemeanor violations of the Federal Election Campaign Act), *abrogated on other grounds as recognized by Phillips v. City of Dallas*, 781 F.3d 772, 778 (5th Cir. 2015); *Meyer v. State*, 128 A.3d 147, 164 (Md. Ct. Spec. App. 2015) ("[A] sentencing judge may impose a particular standard of conduct for a defendant to follow while on probation that includes prohibiting the defendant from operating a motor vehicle[.]"). Courts may impose these conditions because "Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled."'" *United States v. Knights*, 534 U.S. 112, 119, 122 S. Ct. 587, 591, 151 L. Ed. 2d. 497 (2001) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874, 107 S. Ct. 3164, 3169, 97 L. Ed. 2d. 709 (1987)). They retain "'only . . . conditional liberty properly dependent on

Just as reasonable conditions restricting a probationer's association with certain persons does not conflict with the Constitution's guarantee of free association,[23] prohibiting Mr. Schober's use of medical cannabis through a probation condition imposed pursuant to West Virginia Code § 62-12-9 does not conflict with West Virginia Code § 16A-3-2(a), and the "notwithstanding" clause in the latter provision does not apply. *See Carmichael v. Bd. of Land & Nat. Res.*, 506 P.3d 211, 231 (Haw. 2022) (finding "notwithstanding" clause did not nullify a non-conflicting statute); *Henderson v. Bus. Loop Cmty. Improvement Dist.*, 588 S.W.3d 896, 905 (Mo. Ct. App. 2019) (observing that "notwithstanding" clause "'does not create a conflict, but eliminates the conflict that would have occurred in the absence of the clause'" and giving no effect to such clause in absence of conflict (quoting *Earth Island Inst. v. Union Elec. Co.*, 456 S.W.3d 27, 34 (Mo. 2015) (en banc))).

---

observance of special [probation] restrictions.'" *Griffin*, 483 U.S. at 874, 107 S. Ct. at 3169, 97 L. Ed. 2d. 709 (alterations in original) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d. 484 (1972)).

[23] *See Anderson v. State*, 684 S.W.3d 296 (Ark. Ct. App. 2024) (finding probation conditions restricting probationer's contact and relationships with certain persons do not violate his freedom of association because they bear a reasonable relationship to crime committed and preventing probationer from reoffending); *People v. Hammons*, 138 N.E.3d 31 (Ill. App. Ct. 2018) (commenting that probation condition forbidding probationer convicted of burglary and theft from associating with people convicted of drug offenses is reasonably related to avoiding future criminality and did not infringe on freedom of association as burglary and theft are often motivated by drug habit); *cf. Doss v. State*, 961 N.W.2d 701, 718 (Iowa 2021) (addressing parole condition and acknowledging that "freedom [of association] is not absolute, as restrictions on the rights of parolees to associate with certain categories of people are a recognized part of the criminal justice system").

Mr. Schober further contends that requiring him to refrain from using marijuana as a condition of his probation is contrary to West Virginia Code § 16A-15-4(a), under which a "patient" may not be "subject to arrest, prosecution or penalty in any manner, or denied any right or privilege . . . *solely* for lawful use of medical cannabis." (Emphasis added). We disagree. Probation conditions generally focus on goals such as rehabilitation, deterring criminal behavior, and protecting the public.[24] The consequences of violating a probation condition are not based *solely* on the conduct that caused the violation.[25] That

---

[24] *See State v. Lucas*, 201 W. Va. 271, 280, 496 S.E.2d 221, 230 (1997) (observing rehabilitative purpose of a probation condition); *Louk*, 159 W. Va. at 495, 223 S.E.2d at 789 (commenting, "it may be entirely proper, considering the nature of the crime, to isolate and insulate the defendant from certain temptations"); *State ex rel. Strickland v. Melton*, 152 W. Va. 500, 506, 165 S.E.2d 90, 94 (1968) ("[P]robation is simply one of the devices of an enlightened system of penology which has for its purpose the reclamation and rehabilitation of the criminal."); *cf. U.S. v. Webster*, No. CRIM. RWT-08-397, 2009 WL 2366292, at *5 (D. Md. July 30, 2009) ("A court may impose discretionary conditions of probation to the extent that such conditions (1) are reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) involve deprivations reasonably necessary to serve the following purposes of the sentence—to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter the prohibited conduct, and protect the public from further crimes of the defendant."); 6 Wayne R. LaFave, et al., *Criminal Procedure* § 26.9(b) (4th ed. 2015 & Supp. 2023-2024) (stating "probation conditions not otherwise expressly authorized by statute must be reasonably related to the offense involved, the rehabilitation of the defendant, the protection of the public, or another legitimate punitive purpose").

[25] *See Solely*, *Webster's Third New International Dictionary* (unabridged ed. 1970) (defining "solely" as "singly, alone" and "to the exclusion of alternate or competing things"); *see also* Syl. pt. 6, in part, *State ex rel. Cohen v. Manchin*, 175 W. Va. 525, 336 S.E.2d 171 (1984) ("Undefined words and terms used in a legislative enactment will be given their common, ordinary and accepted meaning.").

conduct also must violate a parole condition,[26] and the resulting penalty often relates back to the probationer's underlying crime. *See Alabama v. Shelton*, 535 U.S. 654, 662, 122 S. Ct. 1764, 1770, 152 L. Ed. 2d. 888 (2002) ("A suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense."); *State v. Robbins*, 215 A.3d 788, 794 (Me. 2019) (observing that "a probation violation . . . is conduct that results in the implementation of punishment previously imposed as part of an underlying criminal judgment").[27] Because any sentence or confinement imposed for violating a probation condition by using or possessing marijuana would not be "*solely* for lawful use of medical cannabis," such a condition of probation does not violate the Cannabis Act. W. Va. Code § 16A-15-4(a) (emphasis added).

---

[26] West Virginia Code § 62-12-10 provides the sentences or confinements that may be imposed for probation violations.

[27] *See also Medina v. State*, 418 P.3d 861, 864 (Alaska Ct. App. 2018) ("[P]robation revocations relate back to the underlying criminal offense, constituting 'continuing punishment for the crime for which probation was originally imposed.'" (quoting *Demientieff v. State*, 814 P.2d 745, 747 (Alaska Ct. App. 1991))); *State v. Smith*, 540 A.2d 679, 692-93 (Conn. 1988) ("The element of 'punishment' in probation revocation . . . is attributable to the crime for which [probationer] was originally convicted and sentenced. Thus, any sentence this defendant had to serve as the result of the violation of the special condition was 'punishment' for the crime of which he had originally been convicted. Revocation is a continuing consequence of the original conviction from which probation was granted.").

Based on the foregoing analysis, we hold that the West Virginia Cannabis Act, West Virginia Code §§ 16A-1-1 to -16-1, does not supersede West Virginia Code § 62-12-9 or prevent a circuit court from requiring a probationer to refrain from using marijuana as a condition of his or her release on probation, even when the probationer has qualified as a "patient" and obtained an identification card pursuant to the Cannabis Act.

We similarly find the circuit court's consideration of evidence related to the twelve factors for which the court required evidence was a proper exercise of the court's discretion in considering a motion to modify probation conditions. "*W. Va. Code*, 62-12-9, *as amended*, permits a trial judge to impose any conditions of probation which he may deem advisable, but this discretionary authority must be exercised in a reasonable manner." Syl. pt. 6, *Louk*, 159 W. Va. 482, 223 S.E.2d 780. Thus, circuit courts have broad discretion to impose reasonable probation conditions. *See* W. Va. Code § 62-12-9(b) (permitting a circuit court to impose any conditions "it may determine advisable"). To inform its decision whether to modify Mr. Schober's probation conditions to allow his use of medical cannabis, the circuit court requested evidence concerning the reliability of Mr. Schober's diagnosis; his efforts, if any, to resolve his PTSD without resorting to medical cannabis; the success of any such efforts; and the availability of alternate treatments. The court's request further allowed it to account for Mr. Schober's criminal record, particularly offenses involving controlled substances; his diagnoses for substance use disorders; other medical conditions that his use of medical cannabis might affect; and the impact Mr.

18

Schober's use of cannabis might have on the objectives for his probation, i.e., rehabilitation, sentencing goals, community safety, and deterring criminal behavior. Contrary to Mr. Schober's characterization, this evidence was not a "test" that was impossible to pass. Rather, the court requested evidence relevant to its consideration of Mr. Schober's motion seeking to modify his probation conditions, and the court did not abuse its discretion by requesting this information.[28] *Cf. State ex rel. Dunlap v. McBride*, 225 W. Va. 192, 202, 691 S.E.2d 183, 193 (2010) (per curiam) (addressing whether evidence was properly admitted during the penalty phase of a trial and observing that "'[a] trial court has wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed'" (alteration in original) (quoting *Elswick v. Holland*, 623 F. Supp. 498, 504 (S.D.W .Va. 1985))).

Finally, we find no error in the circuit court's denial of Mr. Schober's renewed motion to modify the conditions of his probation to allow his use of medical cannabis because West Virginia Code § 62-12-9(a)(1) requires, in plain language, that "[r]elease on probation is conditioned upon the following: (1) That the probationer may not, during the term of his or her probation, violate any criminal law of this or any other

---

[28] We recited the twelve factors relied on by the circuit court only to discuss their relationship to that court's exercise of discretion in this instance. By finding that the court acted within its broad discretion and imposed a reasonable probation condition, we do not impose on circuit courts considering a similar probation condition any obligation to use the twelve factors that were employed in this case.

state *or of the United States*." (Emphasis added). The federal Controlled Substances Act prohibits the possession of marijuana for any reason. *See* 21 U.S.C. § 844 (outlawing knowing or intentional possession of a controlled substance); *Id.* § 812, Schedule I, (c)(10) & (17) (establishing "marihuana" and THC as controlled substances). Because Mr. Schober's possession of medical cannabis would violate federal law, the possession would also violate the probation condition imposed by West Virginia Code § 62-12-9(a)(1). *See, e.g.*, *Commonwealth v. White*, No. CR20A-173-01, 110 Va. Cir. 433, 2022 WL 19782608 (Va. Cir. Ct. 2022) (denying defendant's request to modify conditions of supervised probation to allow use of marijuana prescribed to treat PTSD, explaining "The Defendant may qualify under state law to possess marijuana for medicinal purposes, however, any possession of marijuana violates federal law, including, without limitation, the Supremacy Clause of the United States Constitution and the [Controlled Substances Act]").

## IV.

## CONCLUSION

Finding no abuse of discretion, we affirm the January 6, 2023 order of the Circuit Court of Berkeley County, denying Mr. Schober's renewed motion to modify his probation conditions.

Affirmed.